427 So.2d 1082 (1983)
Marshall Lee EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. AL-70.
District Court of Appeal of Florida, First District.
March 11, 1983.
Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
WIGGINTON, Judge.
Evans appeals the order of the trial court revoking his probation. We affirm.
On February 3, 1982, an affidavit of violation of probation was filed alleging that Evans had violated his probation by, inter alia, committing the offense of burglary on January 25, 1982. Evans argues that the evidence was legally insufficient to establish that he had actually committed the burglary. We disagree.
All that is necessary to justify revocation of probation is sufficient evidence presented at the hearing to satisfy the conscience of the court that the probation was violated. Cuciak v. State, 410 So.2d 916 (Fla. 1982). Evidence to support a criminal conviction is not necessary to sustain a probation revocation order; rather, the burden of proof is the greater weight of the evidence. Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982). Here, the state clearly satisfied that burden. Therefore, the order of the trial court is AFFIRMED.
ROBERT P. SMITH, C.J., and BOOTH, J., concur.