475 So.2d 1218 (1985)
Terry B. HENDRIX, Petitioner,
v.
STATE of Florida, Respondent.
No. 65928.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 18, 1985.
*1219 James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We have for review Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984), which expressly and directly conflicts with decisions of other district courts of appeal and this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Hendrix, who had pled guilty to grand theft, appealed his four-year prison sentence imposed by the trial court outside the sentencing guidelines. He had a total of twenty-five points under the guidelines, the maximum sentence thus being "any non-state prison sanctions." Of these twenty-five points, twelve resulted from Hendrix's prior convictions for one third-degree felony and two misdemeanors. Citing this prior record as justification, the trial court departed from the presumptive guidelines sentence, and imposed a sentence of four years imprisonment.
On appeal, Hendrix contended that since his prior record was taken into account in calculating his guidelines score, it was error to reconsider this same factor to justify departure from the guidelines. The Fifth District Court of Appeal affirmed the trial court's departure. 455 So.2d at 450. It held that since the doubling was not specifically precluded by the sentencing guidelines rule, it was acceptable. Id.
In In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983), this Court adopted the Sentencing Guidelines, Rule 3.701, Florida Rules of Criminal Procedure. These guidelines were in response to the widespread problem of disparity in sentencing practices around the state. As we stated in our opinion, with the attached rule and committee notes, the guidelines were adopted to establish a "uniform set of standards to guide the sentencing judge" and "to eliminate *1220 unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense- and offender-related criteria and in defining their relative importance in the sentencing decision." Id. at 849; Fla.R.Crim.Pro. 3.701(b).
Departures from the guidelines are permitted, but judges must explain departures in writing and may depart only for reasons that are "clear and convincing." Fla.R.Crim.Pro. 3.701(b)(6), (d)(11). Moreover, the guidelines direct that departures "should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence." Fla.R.Crim.Pro. 3.701(d)(11). Therefore, while the rule does not eliminate judicial discretion in sentencing, as respondent argues, it does seek to discourage departures from the guidelines.
In the instant case the trial judge departed from the guidelines based on the defendant's prior criminal convictions. This was not a proper reason for departing. The guidelines have factored in prior criminal records in order to arrive at a presumptive sentence. Fla.R.Crim.Pro. 3.701(b)(4), (d)2-5. Hendrix received 12 points for his prior convictions, out of a total of 25 for the offense for which he was convicted. To allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines. Accord, State v. Brusven, 327 N.W.2d 591 (Minn. 1982); State v. Erickson, 313 N.W.2d 16 (Minn. 1981); State v. Barnes, 313 N.W.2d 1 (Minn. 1981). We agree with the First District Court of Appeal in that "[w]e find a lack of logic in considering a factor to be an aggravation allowing departure from the guidelines when the same factor is included in the guidelines for purposes of furthering the goal of uniformity." Burch v. State, 462 So.2d 548, 549 (Fla. 1st DCA 1985).
Therefore, we hold that the trial judge erred in considering the defendant's prior convictions as a reason for departing from the guidelines.
Accordingly, we quash the decision of the district court and we remand with directions to further remand to the trial court for sentencing in accordance with the guidelines.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent. In my opinion this decision removes the right of the trial judge to exercise his discretion for clear and convincing reasons. The guidelines state that prior arrests without conviction and factors relating to the instant offenses for which convictions have not been obtained shall not be valid reasons for departure, See 3.701(d)(11), but nothing in the guidelines specifically prevents prior convictions from being considered a reason for departure.
In the trial judge's sentencing order, he stated:
The defendant, TERRY BECKETT HENDRIX, is to be sentenced on grand theft. The defendant had a prior record dating back to 1971 consisting of possession of controlled substances, shoplifting, driving under the influence, and disorderly intoxication. He has demonstrated complete disregard for the laws of society, and a sentence to the county jail would simply not be sufficient deterrent or punishment for this individual and, therefore, this court finds and determines that it is necessary to go outside the guidelines and impose a sentence accordingly.
The judge felt that, under these circumstances, the presumptive sentence of county jail time was too light for this particular incorrigible, and this seems to me to be a clear and convincing reason for departure. I dissented from the adoption of the guidelines in part because of the very usurpation of judicial discretion which the majority opinion allows here. Therefore, I would *1221 hold that the trial judge did not err in departing from the guidelines in this particular case.