479 So.2d 818 (1985)
Willie DAWKINS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-1744, 84-1745, 84-1746 and 84-1747.
District Court of Appeal of Florida, Second District.
December 11, 1985.
*819 J. Marion Moorman, Public Defender, Bartow, and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Willie Dawkins, appeals from the trial court's imposition of a sentence enhanced beyond the guidelines' range. We reverse and remand for resentencing.
Dawkins was charged in an information on February 3, 1984, with two counts of delivery of cocaine and two counts of possession of cocaine. The acts allegedly occurred on January 10 and 12, 1984. A subsequent information was filed by the state charging Dawkins with two additional counts of delivery of cocaine and three additional counts of possession of cocaine, events which allegedly occurred on January 17 and 18, 1984. Dawkins pleaded guilty to four counts of delivery of cocaine in exchange for the state's dismissal of the five counts of possession of cocaine. The trial court accepted the plea and adjudicated Dawkins guilty of the remaining four charges.
At the sentencing hearing on July 13, 1984, a guidelines scoresheet was prepared showing a presumptive sentence of twelve to thirty months incarceration or community control. In determining the presumptive sentence, Dawkins' two prior convictions were included in the computation. Before departing from the recommended sentence, the trial court stated:
THE COURT: In light of the severity and amounts of money involved in at least one of these cases, and the facts there are four separate occasions over eight days and his prior convictions, I'm going outside the guidelines. Prepare the order setting out the facts of each of these four cases and the amount of money involved and his prior convictions.
The trial court then sentenced Dawkins to four concurrent fifteen-year terms of imprisonment. There is neither a separate written document nor reference in the scoresheet to the reasons relied upon by the trial court in exceeding the guidelines sentence.
Before reaching the adequacy of the departure grounds, it is appropriate to review the sentencing procedure followed by *820 the trial court. The supreme court recently construed Rule 3.701(d)(11) of the Florida Rules of Criminal Procedure to require the trial court to prepare a separate document setting forth the reasons for departure. State v. Jackson, 478 So.2d 1054 (Fla. 1985). Thus, the trial court's mere incorporation of departure grounds in the sentencing transcript fails to satisfy the rule and constitutes error. Beal v. State, 478 So.2d 401 (Fla. 2d DCA 1985).
Error also occurred in the trial court's failure to justify its departure with clear and convincing reasons. The first reason for departure relied upon by the trial court was the severity of the crime. Severity of the crime has been recognized in certain circumstances as a valid reason for departure. Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984) (innocent children present in home when defendant raped their mother and forced her to perform fellatio on him); Murphy v. State, 459 So.2d 337 (Fla. 5th DCA 1984) (defendant running a drug business in convenience store parking lot). Nothing in the record before us, however, indicates that Dawkins' deliveries of cocaine occurred under or in association with unusual or extraordinary circumstances rendering the recommended sentence inadequate.
The second reason for departure was the amount of money involved in the delivery of cocaine. The amount involved in the four deliveries was $1,300.00, $2,300.00, $50.00 and $40.00. The Fourth District has held that the amount of money involved in a crime is an invalid reason for departure. Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985). We agree.
The trial court also attached a significance it deemed sufficient to justify departure to the fact that the crimes were committed on four occasions over eight days. This reason is equally deficient. We recognize that deviation from the guidelines has been sustained in the past because of temporal and geographical considerations surrounding an offense. See Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984) (defendants embarked on "crime binge" involving numerous burglaries committed over a two-day period). However, in the instant matter, Dawkins cannot be said to have gone on a "crime binge" by undertaking four cocaine transactions in eight days.
The final reason for exceeding the guidelines was Dawkins' prior convictions. The defect in that reason is that Dawkins' prior convictions were scored in calculating his presumptive sentence. Thus, the trial court's duplicative use of the prior convictions was impermissible. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
In sum, we find none of the reasons relied upon by the trial court clear and convincing. Accordingly, the appellant's sentence is reversed and the cause remanded for resentencing within the guidelines.
LEHAN, A.C.J., and HALL, J., concur.