PER CURIAM.
Rather than scoring certain prior convictions as required by Florida Rule of Criminal Procedure 3.701(d)(5)(b) on the guideline sentencing scoresheet, those prior convictions were used as grounds for departure from the recommended guideline sentence.[1] This was error. Hendrix v. State, 475 So.2d 1218 (Fla.1985). Because of the assignment of invalid (impermissible) reasons for departing from the recommended guideline sentencing range we must vacate the sentence and remand for resentencing. See Albritton v. State, 476 So.2d 158 (Fla.1985).
SENTENCE VACATED; CAUSE REMANDED.
DAUKSCH, ORFINGER and COWART, JJ., concur.

. This was not the only scoring error. The primary, and only, offense for which the defendant was being sentenced was accessory after the fact (§ 777.03, Fla.Stat.). Notwithstanding that victim injury was an element of the •crime (murder) to which the defendant was an accessory, victim injury is not an element of the crime of accessory after the fact and should not have been scored. Fla.R.Crim.P. 3.701(d)(7); see Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984).