SCHEB, Judge.
Defendant Samuel H. Wigfals appeals the trial court’s order revoking his probation. We affirm the revocation but vacate his sentence and remand for resentencing.
On September 8, 1980, the trial court adjudicated defendant guilty of robbery and sentenced him to four years in prison followed by two year’s probation. His probation for this offense commenced on February 1, 1983. On August 10,1984, he was charged with violating the terms of this probation by committing another robbery on June 21, 1984.
At the probation violation hearing defendant admitted that a jury had convicted him of the second robbery early in 1985. The trial judge found he had violated probation as a result of this conviction. The guidelines scoresheet indicated defendant received a total of 50 points for violating probation. The presumptive sentence for this offense was community control or twelve to thirty months incarceration, if the recommended sentence in the next higher cell of the guidelines range were used pursuant to Florida Rules of Criminal Procedure 3.701(d)(14) and 3.988(c).
The judge adjudicated defendant guilty of violating probation and sentenced him to fifteen year’s imprisonment consecutive to any other sentence with credit for time served. He did not provide written reasons for departure from the guidelines. However, he orally stated on the record that the defendant was on probation when he committed the second robbery for which he had received a thirty-five-year sentence. The judge said that since defendant continued to be a threat to the community, he would sentence him to the maxinium punishment provided by law.
Florida Rule of Criminal Procedure 3.701(d)(14) allows a limited departure to the next higher cell on the guidelines range for a violation of probation without requiring a reason for departure. Thus, the maximum sentence defendant could have received within the guidelines was community control or twelve to thirty months incarceration. His fifteen-year sentence clearly exceeds this range. Consequently, we must vacate defendant’s sentence because the trial court failed to provide written reasons for departure. State v. Jackson, 478 So.2d 1054 (Fla.1985); Crews v. State, 477 So.2d 1093 (Fla. 2d DCA 1985).
On remand, the court may sentence defendant within the guidelines range or depart from the guidelines. If the court again wishes to depart, it must provide a written statement identifying valid reasons for departure. Any party aggrieved by the new sentence may file a new appeal. The judgment is otherwise affirmed.
GRIMES, A.C.J., and HALL, J., concur.