483 So.2d 115 (1986)
Wayne TOMPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-266.
District Court of Appeal of Florida, Second District.
February 14, 1986.
*116 James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Appellant pled guilty to armed robbery, kidnapping, and sexual battery. The court adjudicated him guilty on all charges and sentenced him to twenty years on each charge, to run concurrently. The maximum sentence as designated by the guidelines was nine years. The trial judge based his departure from the guidelines on the following reasons:
1. The emotional trauma sustained by the victim; 2. The fact that the crime was committed in such a way as to extend over a period of time and to keep the victim in fear and terror for a longer period of time then [sic] was necessary, during which time she felt not only that her safety and well being, but in fact her life[,] were threatened; 3. That it is the recommendation or alternate recommendation of Department of Corrections, Parole & Probation, that the Court exceed the Guidelines.
Appellant argues that the reasons cited by the trial judge were elements of the crimes which had already been factored into the guidelines and that a departure based on these elements was error.
Evidence at trial revealed that appellant entered the Pik Kwik convenience store at approximately 6:00 a.m., as the victim was opening her shift as attendant. After purchasing a cup of coffee, appellant requested a dollar for some change. As the attendant was handing appellant the dollar, he grabbed her firmly by the hand, demanding all of the money in the cash drawer. Appellant then pulled the victim out of the store and pushed her into his car. He told her that if she screamed he would kill her. He then drove her to a secluded area and raped her, while holding a knife to her throat. Appellant then told the victim to get dressed, gave her money for a phone call, and released her. The victim did not testify at the sentencing hearing, but the state alleged that the court should depart from the guidelines because of the emotional trauma suffered by the victim. As a result of the experience, the victim was unable to continue in her position as assistant manager and found it extraordinarily difficult to even visit the store.
There is no question that the third reason listed by the trial court is not a valid reason for departure. The alternate recommendation of the presentence report is not a clear and convincing reason to depart from the guidelines. Nor is the second reason, as the majority of the factors listed therein are also elements of the crime of kidnapping, except for the factor that her life was threatened. The only other reason listed to justify a departure is the emotional trauma sustained by the victim.
*117 We have held that a victim's psychological trauma is a valid reason to depart from the recommended guidelines sentence. Ochoa v. State, 476 So.2d 1348 (Fla.2d DCA 1985). However, that psychological trauma must be unusually greater than the trauma necessarily contained in the elements of the criminal charges. Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984). After a consideration of the record of the sentencing hearing in this case, we cannot determine that the psychological trauma to the victim rose to this level. Consequently, psychological trauma to the victim is not a valid basis for departure in this case. Sentencing guidelines have, in this respect, produced the functional concept of a "routine" rape, kidnapping, and armed robbery, which we find to be a troubling result.
The factor that the victim's life was threatened and the manner in which the weapon was used may be a clear and convincing reason for departure, but the trial court has failed to set forth sufficient facts as to the aspects of appellant's behavior, and we cannot determine beyond a reasonable doubt that, absent the invalid reasons, the court would have departed based on this factor.
We therefore find that the departure in this case was based on several invalid reasons. In such a case, the supreme court has recently held that "the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence." Albritton v. State, 476 So.2d 158, 160 (Fla. 1985); Brinson v. State, 476 So.2d 162 (Fla. 1985). Because we are unable to determine beyond a reasonable doubt whether the trial court would have departed from the recommended guidelines sentence absent the invalid reasons, we reverse appellant's sentence and remand for resentencing.
We find no merit in appellant's contention that his plea was not knowingly and voluntarily made, and we affirm his conviction.
Reversed and remanded for resentencing.
CAMPBELL, A.C.J., and LEHAN, J., concur.