484 So.2d 78 (1986)
Walter Leon IRVING, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1365.
District Court of Appeal of Florida, Second District.
March 5, 1986.
*79 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals his sentence in this revocation of probation proceeding. He contends that the trial court improperly departed from the presumptive sentence under the sentencing guidelines by imposing a sentence of five years incarceration. The sentence was two cells higher than the presumptive guidelines sentence after raising the sentence one cell for revocation of probation, although the scoresheet appears to indicate erroneously that the sentence was only one cell higher than the presumptive guidelines sentence.
The trial court gave the following reasons for departure: First, "defendant's significant prior record, which includes several convictions for theft and related crimes (see P.S.I.)"; second, "the factors surrounding the offense for which the defendant was placed on probation, to-wit: a residential burglary and theft therefrom of substantial property"; and third, "defendant's violation of probation by engaging in several sales of drugs while on probation."
The second of those reasons was improper as involving factors relating to the offense for which a conviction was obtained. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The third of those reasons was proper only as a basis for a departure from the guidelines to the extent of one cell and was not a proper basis for the departure here. Fla.R.Crim.P. 3.701(d)(14). See also Wigfals v. State, 480 So.2d 259 (Fla. 2d DCA 1986). It is true that defendant was charged with violating probation by engaging in several drug sales. However, the trial court considered that conduct as constituting one violation of probation. Also, this case involved the only time defendant had appeared before the trial court on charges of violating his probation. Therefore, this case is distinguishable from cases approving a departure by more than one *80 cell for multiple probation violations. See Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985); Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985).
As to the first of those reasons, defendant's prior record cannot be a proper basis for departure to the extent that prior convictions had already been scored on the scoresheet. See State v. Williams, 477 So.2d 570 (Fla. 1985). It is true, as the state argues, that defendant's prior record included several previous convictions which had not been scored because they were juvenile offenses more than three years old and therefore provided a proper reason for departure. See Weems v. State, 469 So.2d 128 (Fla. 1985). However, we cannot ascertain definitely from the record whether the trial court intended to depart only on the basis of those prior juvenile offenses. Our Supreme Court has stated:
[T]hat when a departure sentence is grounded on both valid and invalid reasons that the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.
Albritton v. State, 476 So.2d 158, 160 (Fla. 1985). On the record before us, we are unable to determine beyond a reasonable doubt whether elimination of the impermissible reasons would have affected the departure sentence. Therefore, in accordance with Albritton, we reverse defendant's sentence and remand for resentencing.
CAMPBELL, A.C.J., and SANDERLIN, J., concur.