487 So.2d 63 (1986)
Abraham DAWKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-886.
District Court of Appeal of Florida, Second District.
April 9, 1986.
Rehearing Denied April 22, 1986.
*64 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from the judgments and sentences resulting from convictions for possession of cocaine and carrying a concealed weapon. We find merit only in appellant's assertion that the trial court departed from the guidelines based on improper reasons.
At the sentencing hearing, a guidelines scoresheet was prepared showing a presumptive sentence of any nonstate prison sanction. However, the trial court departed from the guidelines and sentenced appellant to three years in prison on the possession of cocaine charge and to one year in prison on the concealed weapon charge to run concurrently.
We shall address each of the court's written reasons for departure:
(1) Appellant's undesirable discharge from the military for being AWOL on two occasions, once for more than a year. We believe that the AWOL violations constitute a permissible reason for departure because they are objective manifestations of appellant's nonconformance to social norms and are indicative of appellant's unlikeliness as a candidate for rehabilitation. See Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985); Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984).
(2) Prior conviction for substance abuse. Crimes which have already been calculated into the guidelines cannot be a basis for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
(3) Circumstances of a previous arrest not associated with this conviction. Florida Rule of Criminal Procedure 3.701(d)(11) precludes consideration of factors relating to prior arrests without conviction.
(4) Crimes occurred in a high crime area. Cases such as Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984), and Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984), indicate that the timing and location *65 of repeated offenses can constitute a valid reason for departure. However, we cannot see how the circumstance that the subject offenses were committed in a high crime area, standing by itself, can justify departure.
(5) Since appellant possessed a substantial amount of cocaine and $275 at the time of his arrest, he must be in the business of selling cocaine. Florida Rule of Criminal Procedure 3.701(d)(11) also precludes consideration of factors relating to the instant offenses for which convictions have not been obtained.
(6) Possession of an operable, concealed, and loaded firearm. Although appellant was charged with carrying a concealed firearm, the jury convicted him only of carrying a concealed weapon. Therefore, as in (5) above, the reference to the concealed firearm is a factor relating to the instant offense for which a conviction has not been obtained.
When a departure is based on both permissible and impermissible reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). While the trial judge made some strong comments after the verdicts concerning the appellant's conduct, the fact remains that five of the six reasons he relied upon for departure were invalid. Accordingly, we affirm appellant's convictions but reverse the sentences and remand for resentencing.
FRANK and HALL, JJ., concur.