SANDERLIN, Judge.
Appellant Lucious Stewart appeals his sentence following revocation of probation. We reverse and remand for resentencing.
Appellant’s presumptive sentence under the guidelines including the one-cell enhancement for probation violation provided in Florida Rule of Criminal Procedure 3.701(d)(14), was 12-30 months’ incarceration or community control. The trial court sentenced appellant to five years’ imprisonment for possession of a short-barreled rifle and a concurrent term of one year for possession of firearm with an altered serial number. At the hearing, the trial court stated that a violation of probation was sufficient reason to exceed the guidelines, and found appellant “was not an appropriate candidate for community control.” The *84 record does not contain a written statement of the reasons for departure.
The maximum sentence that appellant could have received within the guidelines was 12-30 months’ incarceration or community control. The trial court’s sentence of five years’ imprisonment for possession of a short-barreled rifle is a departure requiring written reasons. Wigfals v. State, 480 So.2d 259 (Fla. 2d DCA 1986). The record does not contain written reasons for departure; therefore, appellant’s sentence must be reversed and remanded for resentencing. Id.
Further, the trial court’s stated reason for departure, that appellant was not a candidate for community control, is not a “clear and convincing” reason. See Martinez-Diaz v. State, 484 So.2d 633 (Fla. 2d DCA 1986) (trial court’s stated reasons that guidelines sentence “not reasonable under the facts and circumstances of this case,” and “inappropriate” were broad, general, and did not comply with rule).
Accordingly, we reverse appellant’s sentence and remand for resentencing within the presumptive guidelines sentence.
DANAHY, A.C.J., and LEHAN, J., concur.