488 So.2d 912 (1986)
Eugene McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1876.
District Court of Appeal of Florida, Second District.
May 23, 1986.
James Marion Moorman, Public Defender, and James B. Permar, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
The defendant appeals his sentences for possession of cocaine and cannabis, both of which were departures from the sentencing guidelines recommended range. The recommended range was "any nonstate prison sanction." The trial judge sentenced the defendant to five years imprisonment on the possession of cocaine charge and one year imprisonment on the possession of cannabis charge, to be served concurrently. On the bottom of the scoresheet, under "reasons for departure," the trial judge wrote the following:
Twenty-six criminal convictions since 1971. Yet the guidelines recommend nonstate prison sanction. Clearly the guidelines do not apply to this individual and are inappropriate. The defendant is a chronic offender and the public can be protected only by his incarceration for an extended period.
The trial judge's reasons for departure in this case are remarkably similar to the departure reasons disapproved by the Supreme Court of Florida in Hendrix v. State, 475 So.2d 1218 (Fla. 1985) (Adkins, J., dissenting). The trial judge in Hendrix said:
The defendant, TERRY BECKETT HENDRIX, is to be sentenced on grand theft. The defendant had a prior record dating back to 1971 consisting of possession of controlled substances, shoplifting, driving under the influence, and disorderly intoxication. He has demonstrated complete disregard for the laws of society, and a sentence to the county jail would simply not be sufficient deterrent or punishment for this individual and, therefore, this court finds and determines that it is necessary to go outside the guidelines and impose a sentence accordingly.
*913 In Hendrix the Court held that a trial judge may not consider a defendant's prior convictions as a reason for departure from the guidelines, where those convictions have been factored into the scoresheet. Following Hendrix, as we must, we reverse and remand for imposition of sentence according to the guidelines recommended range.
Reversed and remanded for resentencing.
LEHAN and FRANK, JJ., concur.