BOOTH, C.J.,
concurring in part and dissenting in part:
I respectfully dissent from that portion of the majority’s opinion which remands for resentencing based on error in the sentencing guidelines. The reasons cited for departure from the guidelines go beyond those condemned in Smith v. State, 479 So.2d 804 (Fla. 1st DCA 1985), and Hendrix v. State, 475 So.2d 1218 (Fla.1985). In its order, the trial court set forth facts relating to both the burglary and the murder charges, two offenses committed by the defendant and entered the following written reasons for departure:
The undersigned circuit judge presided upon that trial and heard all testimony before the Court, and this Court takes judicial notice and incorporates by reference the evidence before the Court in that cause upon the trial of 81-1-476 and finds by clear and convincing evidence the following circumstance with respect to said burglary charges:
(a) The defendant kicked open the front door and unlawfully entered the victim’s home while carrying and displaying in a threatening manner to wit: a firearm, and the defendant was disarmed only after intervention by the victim’s father who was himself armed to protect his daughter from the defendant.
In the instant case before the Court, 84-1-139, the defendant was tried before the undersigned circuit judge upon an indictment for First Degree Murder and found guilty by a jury of murder in the second degree on November 1, 1984.
As presiding judge the undersigned circuit judge heard all testimony before this Court and takes judicial notice and incorporates by reference the evidence before the Court in this case upon trial *1287 and this Court finds by clear and convincing evidence the following circumstances:
(a) That the defendant during the commission of the murder of the victim, Jimmy Livingston, Sr., carried, displayed and used in the commission of the crime a weapon, to wit: a Knife.
(b) The victim, Jimmy Livingston, Sr., was brutally and repeatedly stabbed in the presence of his son, Jimmy Livingston, Jr., and died as a result of the wounds inflected by the defendant.
In Case 81-mm-1674 in the County Court of Santa Rosa County, Florida, on April 1,1982 the defendant was adjudged guilty of harassing and threatening phone calls.
The defendant is found and adjudged guilty of Violation of Probation in 81 — 1— 476 and such probation be and is hereby revoked.
[[Image here]]
This Court does find ... that this Court may lawfully consider the circumstances surrounding the instant offense and the offense charged and the circumstances surrounding that offense in 81-1-476 and based upon such considerations this Court finds by clear and convincing evidence that the defendant has demonstrated a continuing propensity and pattern of violent conduct which justifies departure from the Sentencing Guidelines in accordance with the findings set forth in this Order.
Since the court’s conclusion regarding “continuing propensity” and “pattern of violent conduct” is substantiated by specific matters concerning the commission of the offense, matters which are not included within the guidelines scoresheet, the reasons are sufficient and should be upheld. For example, the killing of a person in the presence of his son, as was done in this case, should be sufficient, in and of itself, to justify departure from the guidelines and imposition of the maximum sentence allowed by law. The facts, as recited by the trial court, show that the defendant had previously committed burglary also involving violence and also against a victim in the presence of an immediate member of his family. The display and use of the weapons in both the burglary and in the murder are additional aggravating factors not integral parts of either crime. I would affirm the judgment and sentence below.