490 So.2d 221 (1986)
Fred CHANDLER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-879.
District Court of Appeal of Florida, Second District.
June 25, 1986.
*222 James Marion Moorman, Public Defender, Bartow, and James B. Permar, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Appellant challenges his sentences for sexual battery with great force, burglary of a dwelling while armed, possession of a firearm by a convicted felon, and petit theft. He also appeals the trial court's denial of his motion for judgment of acquittal on the petit theft charge. We have considered this last contention and find it to be without merit; therefore, the denial of his motion for judgment of acquittal is affirmed. However, we reverse his sentences and remand for resentencing within the guidelines.
The trial court departed from the guidelines on the basis of the following reasons: (1) appellant threatened to kill rape victim with butcher knife, the psychological damage to the victim caused by such threat, and the rape was in the presence of the victim's infant child; (2) prior convictions in 1978 through 1983, thus appellant had not remained "crime free" since 1978, and was on both parole and probation when he committed the present offense; (3) appellant "considered to have no prospects [of] rehabilitation and the community is entitled to have him contained [] and incapacitated;" and (4) "firearm possession was at 5 a.m.  no reason for possession appear. Not usual reason."
The first reason given by the trial court is invalid because it considers an element of the offense, § 794.011(3), Fla. Stat. *223 (1983) (sexual battery with threat to use deadly weapon); State v. Cote, 487 So.2d 1039 (Fla. 1986), and because there is no evidence in the record that the psychological trauma suffered by the victim was "unusually greater than the trauma necessarily contained in the element of the criminal charges." Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986) Further, there was no showing that there was any traumatic effect on the infant child. See Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986).
The third reason is invalid because it is a bare statement not supported by the record. See State v. Mischler, 488 So.2d 523 (Fla. 1986).
The fourth reason is also invalid because it considers an element of the offense. Cote. Further, the time of day at which appellant possessed the firearm, without more, has no significance. See, e.g., Dawkins v. State, 487 So.2d 63 (Fla. 2d DCA 1986).
The second reason is infirm because it appears that at least some of the prior convictions upon which the trial court relied had been scored on the scoresheet.[1] Prior juvenile convictions may be a valid reason for departure only when the convictions are not scored because they are greater than three years old. See Weems v. State, 469 So.2d 128 (Fla. 1985). It is obvious from the written sentencing memorandum that the trial court did not intend to depart solely on the basis of the prior juvenile convictions greater than three years old. Cf. Irving v. State, 484 So.2d 78 (Fla. 2d DCA 1986). Further the reason that appellant had not remained "crimefree" since 1978 is invalid because it is tied to prior convictions, some of which had been previously scored. See Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986). Finally, the fact that appellant was on parole or probation when he committed the instant offense was already factored in the presumptive sentence and cannot serve as a basis for departure. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
Because none of the trial court's cited reasons for departure are valid, appellant's sentences are reversed and the case remanded for resentencing within the guidelines.
GRIMES, A.C.J., and SCHEB, J., Concur.
NOTES
[1] Specifically, the trial court found that appellant:

is 21 years of age. His first arrest was in 1978. He was convicted in 1978; twice in 1980; twice in 1981 as a juvenille [sic]. The last of the 1981 matters was handled in the adult court, for which he was ultimately sentenced in 1982, in addition to an adult trespass charge. Of these offenses, four of them are burglaries, as is the present offense.