PER CURIAM.
Appellant appeals from the judgment and sentences resulting from convictions for one count of armed burglary and one count of sexual battery. We affirm in part and reverse in part. We find error only in regard to the second issue appellant raises on this appeal pertaining to the validity of those reasons given by the trial court for departing from the sentencing guidelines.
Appellant was charged by information with two counts of armed burglary (Counts I and IV), two counts of sexual battery (Counts II and V), and one count of petit theft (Count III). A jury trial was held. The jury returned a verdict of guilty as to Counts IV and V.
*1248 A guidelines scoresheet was prepared showing a presumptive sentence of seventeen to twenty-two years imprisonment. However, the trial court departed from the guidelines and sentenced appellant to life imprisonment for each conviction, to run consecutively.
We shall address the court’s written reasons for departure:
(1) Prior convictions and facts regarding prior convictions. The trial court cited appellant’s past convictions as a reason for departure. Additionally, the court listed circumstances pertaining to the prior convictions as a basis for departure. These reasons for departure are invalid since crimes which have already been calculated into the guidelines may not be used as a basis for departure. Hendrix v. State, 475 So.2d 1218 (Fla.1985); McCray v. State, 488 So.2d 912 (Fla. 2d DCA 1986); Dawkins v. State, 487 So.2d 63 (Fla. 2d DCA 1986).
(2) Amount of force threatened. The trial court noted that appellant threatened to kill the victim and was armed with a knife at the time of the incident. The use or threat to use a deadly weapon is a factor embodied in the offense and, therefore, does not constitute a valid reason for departure. State v. Cote, 487 So.2d 1039 (Fla.1986); Allen v. State, 476 So.2d 309 (Fla. 2d DCA 1985); Cannada v. State, 472 So.2d 1296 (Fla. 2d DCA 1985).
(3) Psychological trauma to victim. Psychological trauma has been found to be a valid reason for departure. Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986); Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985). However, we find no support in the record for the conclusion that the victim sustained substantial or unusual psychological or emotional trauma. Accordingly, this is an invalid reason for departure. See also Burgess v. State, 491 So.2d 1167 (Fla. 2d DCA 1986); Tompkins, supra.
(4) Pattern of criminal conduct. The trial court focused on appellant’s prior criminal history, specifically, the circumstances of prior offenses for which appellant was convicted, as well as the circumstances of the instant offense, in order to demonstrate a pattern of criminal conduct. This is not a proper reason for departure since such reason is based factually on appellant’s prior convictions. Williams v. State, 492 So.2d 1308 (Fla.1986); Middleton v. State, 489 So.2d 201 (Fla. 2d DCA 1986). Hendrix.
(5) Probation violations. Sentences imposed after a revocation of probation may be increased to the next higher cell without requiring a written reason for departure. Fla.R.Crim.P. 3.701(d)(14). In the instant case, although appellant was on probation at the time he committed the offenses in issue, appellant’s probation was never revoked. Accordingly, this was an invalid reason for departure since legal constraint was already factored into the guidelines scoresheet. Hendrix.
Based on the foregoing, we affirm appellant’s convictions but vacate his sentences. We remand for resentencing in accordance with this opinion and the guidelines score-sheet.
DANAHY, C.J., and GRIMES and CAMPBELL, JJ., concur.