UPCHURCH, Chief Judge.
This is yet another appeal from a sentencing guidelines departure. Since the sentencing guidelines were adopted and the first case reached this court in 1984, there have been over 750 opinions filed from the Florida Supreme Court and the five district *858 courts of appeal.[1] This statistic does not reflect the per curiam affirmed cases.
Defendant pleaded guilty to two counts of sale or delivery of cocaine. As its reason for departure, the trial court stated:
This defendant has been repeatedly convicted of the sale of drugs and has served prior sentences to jail of as much as 3 years. Such sentences have not slowed him down, and neither would the recommended sentence of thirty (30) months. He is clearly a threat to society and should be removed for at least ten (10) years.
The presumptive sentence was twelve to thirty months. While we agree with the trial judge that the presumptive sentence appears inadequate to convince this recalcitrant defendant to reform, we are obliged to follow the precedent set by the Florida Supreme Court. Reasons for departing from a presumptive sentence under the guidelines may not be based upon factors already included in the presumptive sentence. Hendrix v. State, 475 So.2d 1218 (Fla.1985).
REVERSED and REMANDED for re-sentencing.
DAUKSCH and SHARP, JJ., concur.

. Of those cases, over eighty percent involved alleged sentencing guideline errors as the sole point on appeal.