PER CURIAM.
Appellant appeals his sentence resulting from a conviction for aggravated child abuse. Appellant has raised several issues on appeal, but merit is found only in the allegation that the court impermissibly departed from the sentence recommended by the guidelines. The written reasons set forth by the court for departing were (1) psychological abuse attending the physical injury and (2) degree of victim injury.
The presentence investigation report as well as medical testimony presented at sentencing amply supported the court’s conclusion that lingering psychological effects will continue as a result of the injury inflicted. Since psychological trauma is a valid reason for departure, Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986), the court was correct in using this as a reason for departure. The court also departed by reason of the degree of victim injury, a factor for which scoresheet points were assessed. Since it is improper to base a departure on a reason which has already been weighed in arriving at the presumptive sentence, Hendrix v. State, 475 So.2d 1218 (Fla.1985), reason two is invalid.
Faced with evaluating two reasons where one is valid and one is invalid, we have not been convinced beyond a reasonable doubt that the trial judge would have nevertheless departed. Albritton v. State, 476 So.2d 158 (Fla.1985). Accordingly, we affirm appellant’s conviction but reverse and remand for resentencing.
GRIMES, A.C.J., and RYDER and HALL, JJ., concur.