SHARP, Judge.
The trial court sentenced Lundin to life imprisonment, the statutory maximum for the crime of sexual battery with the use of a deadly weapon.[1] Lundin’s presumptive guideline[2] sentence was twelve to seventeen years, based on a scoresheet totaling three hundred fifty-seven points. Ninety-five points were attributable to a prior felony and a misdemeanor conviction. Lundin appeals the departure sentence and we reverse.
The reason given by the trial judge for the life sentence was:
Though the guidelines take into consideration his prior felony conviction, it does not take into consideration the fact that such crime was committed in the same *998 depraved manner as this case which ^clearly convinces the court that this defendant will be a threat to society when released from prison.
There is nothing in the record on appeal to substantiate the trial judge’s finding that this crime was performed in a “depraved manner,” other than that the rape was accomplished at knife-point. That element was already factored into the score, since use of a deadly weapon was an element of the crime for which Lundin was convicted. It cannot be used a second time as a basis to depart.[3]
In addition, the record is completely silent as to the circumstances of the prior similar crime alluded to by the trial judge. Even if the prior felony was also accomplished with the use of a deadly weapon, it was fully scored in the record portion of Lundin’s scoresheet as discussed above, and thus it cannot serve as a basis to depart.[4]
We therefore have no alternative but to vacate the sentence and remand for sentencing within the guidelines.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
DAUKSCH and COBB, JJ., concur.

. §§ 794.011(3), 775.082(1), Fla.Stat. (1985).

. Fla.R.Crim.P. 3.701.d.8.

. Hendrix v. State, 475 So.2d 1218 (Fla.1985).

. Hendrix.