FRANK, Judge.
The appellant, William Edward Foreman, was before us in Foreman v. State, 458. *602 So.2d 1213 (Fla.2d DCA 1984), and is here again following remand from the supreme court in State v. Foreman, 476 So.2d 662 (Fla.1985). He has been properly convicted for burglary and a sexual battery which occurred during the burglary. The present matter involves the sentences imposed upon him.
Foreman’s crimes were committed prior to October 1, 1983. He affirmatively elected to be sentenced pursuant to the guidelines. The trial court departed from the ranges prescribed for a category 2 sexual offense and a category 5 burglary and imposed 12 year concurrent sentences relying upon the following reasons for departure.
1. Threats of death.
2. Psychological or emotional trauma.
3. Female victimized at night.
4. Prior sex crime.
5. Hazard and danger to the community-
Each ground asserted by the trial court as a reason for departure is outside the acceptable standard for an enhanced sentence — the “clear and convincing” test in Rule 3.701(d)(ll) of the Florida Rules of Criminal Procedure.
The amended information in Count I charged Foreman with a sexual battery associated with a threat of force or violence in violation of section 794.011(4)(b). An element of that crime is the threat of a violent act “likely to cause serious personal injury on the victim” such that the victim reasonably believes the actor capable of executing the threat. Foreman’s conviction on this count has embedded within it the “threat of death”; that ground is invalidated by State v. Cote, 487 So.2d 1039 (Fla.1986) and State v. Mischler, 488 So.2d 523 (Fla.1986). Similarly, Hendrix v. State, 475 So.2d 1218 (Fla.1985), bars Foreman’s prior sex crime as a reason for departure; it was scored in determining the presumptive sentence. For parallel reasons, the trial court’s use of psychological or emotional trauma is erroneous; “all sexual battery cases inflict emotional hardship on the victim.” Lerma v. State, 497 So.2d . 736, (Fla.1986).
The fact that Foreman’s criminal activities occurred at night is an insufficient reason for departure from the guidelines. We do not agree with the implication the state extracts from our decision in Parker v. State, 478 So.2d 823 (Fla.2d DCA 1985), in support of the view that because the crimes occurred at night enhancement of Foreman’s sentence was justified. Parker alludes to the fact, incorporated in the departure reasons, that the crime was committed at night. Our decision in that case, however, neither involved nor turned on that element but focused on other aspects of the departure process. Hence, it cannot be said we approved, and we do not now approve, that fact as a “clear and convincing” reason for departure. See Chandler v. State, 490 So.2d 221 (Fla.2d DCA 1986).
Finally, characterizing Foreman as a “hazard and danger to the community” will not sustain departure. Reid v. State, 488 So.2d 913 (Fla.2d DCA 1986).
Accordingly, we vacate the sentences imposed upon Foreman and remand this matter for resentencing. Because we have found each of the reasons for departure invalid, the trial court, upon resentencing, is to confine the sentences to the guidelines’ presumptive ranges.
GRIMES, A.C.J., and SCHOONOVER, J., concur.