RYDER, Acting Chief Judge.
Lawrence Konyves, appellant, was charged with armed robbery and injuring a police dog. On March 11, 1986, he pled guilty to the armed robbery charge and proceeded to escape from custody by walking out of the courtroom. He was subsequently charged with escape. Upon being apprehended, he pled guilty to the escape charge. The trial court prepared a score-sheet for both the armed robbery and escape charges.
At the sentencing hearing, the victim of appellant’s armed robbery testified as to the emotional trauma she suffered from appellant’s acts. She also stated that this was the second time she was the victim of a robbery.
The sentencing guidelines recommended sentence was three and one-half to four and one-half years. The trial court departed from the sentencing guidelines sentencing appellant to seven years with a minimum mandatory of three years. The trial court provided two reasons for its departure. They were:
(1) The defendant’s use of a gun in the commission of an armed robbery resulted in an emotional trauma to the victim who changed her job as a result and caused her employer to be threatened with a lawsuit as a result of the manner in which she handled her fear which was created by the defendant!
(2) There appears to be minimal hope for rehabilitation as the defendant has been convicted of an escape occurring immediately as he left the courtroom after entering a plea to this charge.
On appeal, appellant argues that the trial court erred in departing from the sentencing guidelines. We agree. We reverse and remand this case for resentencing within the sentencing guidelines.
We have found that emotional trauma is a proper ground for departure from the sentencing guidelines. Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984); Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984). However, the emotional trauma must arise from extraordinary circumstances which are clearly not inherent in the offense charged. Casteel v. State, 498 So.2d 1249 (Fla.1986); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). In Tompkins, in a factually similar situation, we held that the trial court improperly de *129 parted from the sentencing guidelines where it departed because of the rape, kidnapping, and armed robbery victim’s inability to continue working in her past job. After reviewing the record, we held that the psychological trauma to the victim was not greater than that usually associated with the crimes committed. We stated that “[the] sentencing guidelines have produced the functional concept of a routine rape, kidnapping, and armed robbery” and that the facts of that case would not support departure.
After reviewing the facts in the instant case, we are convinced that the victim’s emotional trauma was not extraordinary. In fact, the victim’s emotional trauma was less than that suffered by the Tompkins victim. The trial court, therefore, improperly departed from the sentencing guidelines.
The trial court also improperly departed from the sentencing guidelines because of appellant’s lack of rehabilitation. We have held that a trial court may properly depart from the sentencing guidelines where the defendant demonstrates an inability to be rehabilitated. Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984). However, the cases which have permitted departure for lack of a defendant’s rehabilitation have involved defendants who committed new offenses while out on probation. We have not addressed the instant situation where a defendant commits a new offense before he is sentenced on his prior offense. The First District Court of Appeal has. In Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985), where a defendant jumped bail during trial, the appellate court held that the trial court improperly deviated from the sentencing guidelines when it departed because of the defendant’s absconding during a trial and also figured the defendant’s bail bond jumping into the scoresheet.
The trial court, in the instant case, similarly improperly departed from the sentencing guidelines. The trial court departed from the sentencing guidelines because of appellant’s escape and also figured appellant’s escape into the scoresheet. As was stated in Hendrix v. State, 475 So.2d 1218 (Fla.1985), “to allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines.”
Accordingly, we reverse and remand this case for resentencing within the sentencing guidelines.
Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.