PER CURIAM.
In this appeal; we find a sufficient factual basis to support the trial court’s revocation of the appellant’s probation. See Evans v. State, 427 So.2d 1082 (Fla. 1st DCA 1983); Kord v. State, 361 So.2d 800 (Fla. 3d DCA 1978). However, we do find a sentencing error. In imposing sentence in the instant case, the trial judge departed from the presumptive sentence for several invalid reasons, see Keyes v. State, 500 So.2d 134 (Fla.1986); Lerma v. State, 497 So.2d 736 (Fla.1986); Williams v. State, 492 So.2d 1308 (Fla.1986); Scurry v. State, 489 So.2d 25 (Fla.1986); Hankey v. State, 485 So.2d 827 (Fla.1986); Hendsbee v. State, 497 So.2d 718 (Fla. 2d DCA 1986); Chandler v. State, 490 So.2d 221 (Fla. 2d DCA 1986), as well as some valid reasons. Since we are not convinced beyond a reasonable *1166 doubt that notwithstanding the trial court's reliance on these invalid reasons for departure it would have imposed the same sentence, we reverse the sentence imposed and return for resentencing. See Casteel v. State, 498 So.2d 1249 (Fla.1986); Albritton v. State, 476 So.2d 158 (Fla.1985).
Accordingly, we affirm the judgment but reverse the sentence and remand for resen-tencing consistent herewith.
Affirmed in part, reversed and remanded with directions.