COWART, Judge,
dissenting.
The trial court departed from the recommended guidelines sentence because the defendant, who committed four burglaries in three days, was “involved in a ‘crime spree.’ ”
In keeping with the principle of equal treatment under a rule of law, the proper purpose of sentencing guidelines is to eliminate disparity in sentencing so that persons similarly situated receive similar sentences. To accomplish this purpose, a good guideline must isolate the factors determined to be relevant to the purpose of the objective to be achieved, then uniformly weigh each factor according to its relative importance as to the other factors, and then apply the result evenhandedly. A defendant’s prior criminal record (in this case factored as “additional offenses at conviction”) is certainly a proper factor in deriving a sentence and it is factored and weighed on the sentencing scoresheet. However, in this case the defendant’s criminal record was re-analyzed and declared to be a “crime spree” on the basis of the time span, and the whole sentencing guidelines scoring result was junked and overruled and a departure sentence imposed. Hendrix v. State, 475 So.2d 1218 (Fla.1985) holds that factors already included in a sentencing scoresheet cannot constitute a valid basis for departure. The time span between the offenses comprising the defendant’s criminal record was apparently considered so immaterial to a proper sentence that such time span is neither factored nor weighed on the score-sheet. What difference does it really make to either the victims of the crimes, or the end properly to be achieved by sentencing, that multiple crimes were committed over a shorter or a longer period of time? If such a time factor were too immaterial to be factored and weighed why should it be considered so important as to be permitted to override all other factors? The words “crime spree” and “crime binge” are but indefinite and subjective characterizations or descriptions of a particular criminal record. To permit all the objective criteria incorporated into the sentencing guidelines to be discarded in favor of one vague and subjectively based reaction to the defendant’s criminal record is to abandon uniformity and to embrace disparity. Under Hendrix, a “crime spree” is not a clear and convincing reason to depart from the recommended guidelines sentence[1] and a decision upholding this departure sentence conflicts with Hendrix. The departure sentence in this case, based solely on the individual trial judge’s characterization of the defendant’s factored criminal record as involving a “crime spree,” should be reversed.
The principle of equal application of law is also effectuated by the supreme court’s jurisdiction to review conflicting decisions. This defendant is entitled to a decision from this court upholding his “crime spree” departure sentence to enable him to seek review of his disparate sentence.

. Compare Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984); Dawkins v. State, 479 So.2d 818 (Fla.2d DCA 1985); Williams v. State, 500 So.2d 604 (Fla. 5th DCA 1986); Paschall v. State, 501 So.2d 1370 (Fla.2d DCA 1987); Cox v. State, 508 So.2d 1318 (Fla. 1st DCA 1987).