SCHEB, Acting Chief Judge.
Defendant Karen Bee appeals her judgment and sentence for grand theft. She contends the trial court erred in departing from the recommended range under the sentencing guidelines without clear and convincing reasons. We agree.
On March 11,1986, defendant pled guilty to two charges of grand theft in the second degree and was placed on probation for three years. On June 13, 1986, defendant was charged with violating her probation by committing acts of lewd and lascivious behavior in the presence of a child, a felony *62 of the second degree. § 800.04, Fla.Stat. (1985). The affidavit charging her with violation of probation alleged that between March 25 and April 10, 1986, defendant engaged in sexual intercourse on one occasion in the presence of her five-year-old daughter and on another occasion in the presence of a twelve-year-old boy.
At the revocation hearing the twelve-year-old boy and his ten-year-old brother testified. One youngster said that he and three friends, at the request of his mother, went looking for defendant and her boyfriend in the woods around his home. They found them naked and “doing it.” Defendant and her boyfriend did not know they were being observed until one of the boys started giggling.
The other boy testified that on a different occasion he was playing in the woods when he heard defendant and her boyfriend talking. He ran and got his brother, and they observed the couple lying on the ground, engaged in sexual intercourse. They also saw defendant’s daughter some five yards away, facing the woods, singing. No one testified that the daughter saw anything, or that defendant knew she was being observed.
The trial judge found defendant guilty of violating her probation. Although defendant’s scoresheet recommended any non-state prison sentence, the trial court sentenced her to consecutive terms of five years in state prison for each offense.
The trial judge gave three written reasons for departure: (1) emotional trauma to the children; (2) extreme psychological harm to the children; and (3) commission by the defendant of two separate felonies while on probation.
The first two reasons are invalid. A victim’s psychological trauma, to be a valid reason for departure, must be unusually greater than the trauma inherent in the offense charged. See State v. Rousseau, 509 So.2d 281 (Fla.1987); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). Lewd and lascivious behavior in the presence of a child is a crime, no doubt, because it is expected that violation of the statute will inflict a certain amount of emotional injury on the victim. Here, however, there is no evidence of any extreme psychological harm to the children. The testimony of one of the victims, the twelve-year-old boy, does not show that he was particularly traumatized by what he saw. It is not clear that the second victim, defendant’s five-year-old daughter, even saw any of the alleged acts.
The court’s third reason for departure is also invalid. We agree with the defendant that the alleged offenses constituted the defendant’s first violation of probation. The trial court may sentence a defendant found guilty of violation of probation within the next higher cell, but it may not depart further without other valid reasons. Irving v. State, 484 So.2d 78 (Fla. 2d DCA 1986).
The state’s reliance on State v. Pentaude, 500 So.2d 526 (Fla.1987), to support the trial court's departure from the recommended guidelines is misplaced. In Pen-taude the defendant violated seven conditions of probation and was convicted of a substantive crime during the probationary period. While the defendant here violated a substantive provision of her probation, the violation was not related to the charges for which she had been placed on probation. Moreover, it does not appear that she intended to commit the offenses in the presence of the children. We think that this case is quite distinguishable from Pen-taude and that the defendant’s violation was not sufficiently egregious to justify the trial court’s upward departure beyond one cell.
We affirm the defendant’s conviction but vacate her sentence and remand for resen-tencing within the range recommended by the sentencing guidelines.
SCHOONOVER and HALL, JJ., concur.