ON MOTION FOR REHEARING
DANAHY, Judge.
In his motion for rehearing, the appellant cites State v. Jaggers, 526 So.2d 682 (Fla.1988), which was issued subsequent to our opinion in this case. The appellant contends that Jaggers is indistinguishable from his case, thus requiring that we reverse his departure sentence. The state, on the other hand, argues that Jaggers is distinguishable because the trial court in Jaggers ordered a departure sentence based on the combined circumstances of (1) civil commitment to a mental institution for other than a criminal conviction and (2) subsequent conditional release or supervision status from that mental institution during which he committed the present crime. The First District Court of Appeal found these reasons invalid, and the Florida Supreme Court agreed. We agree with the appellant that Jaggers is indistinguishable and, therefore, mandates our reversal.
Like the defendant in Jaggers, the appellant had previously been committed to a mental institution for other than a criminal conviction — an adjudication of not guilty by reason of insanity of several burglary-with-assault charges. The supreme court in Jaggers cited with approval Coleman v. State, 515 So.2d 313 (Fla. 2d DCA 1987), in which we held that difficult or impossible to treat mental disorders (personality disorders in Coleman) “should not be a reason to subject an individual to ‘an extended term of imprisonment in the state correctional system’ ” and that “alternative forms of confinement and supervision are available.” Jaggers, 526 So.2d at 684. In the instant case, the trial court’s reliance on the psychiatrists’ 1980 reports, which were commissioned to help determine if the appellant was competent to stand trial at that time, contained a poor prognosis now proven correct by subsequent events. Presently to consider those reports is tantamount to considering what Jaggers disapproves, i.e., the appellant’s prior commitment for treatment of a mental disorder, a commitment for other than a criminal conviction. In our original opinion the trial court’s reason for departure seemed to us permissible and in accord with the kind of case anticipated by Whitehead v. State, 498 So.2d 863 (Fla.1986). After Jaggers, however, no doubt remains that the reason chosen by the trial court may not be used to justify departure.
In its response to the appellant’s motion for rehearing the state urged us to find Jaggers distinguishable since the defendant there was on a supervisory status from a mental institution, whereas the appellant’s probation and supervision resulted from a felony conviction. Further reflection convinced us that any such distinction would be one without a difference. Were we to find otherwise, we would be condoning the consideration of prior record as a reason to depart in this case, contrary to Hendrix v. State, 475 So.2d 1218 (Fla.1985). In any event, we need not ponder that argument because the trial court did not base the departure on the probationary status of the appellant, nor the type of probation he was under at the time he committed the offenses which underlay this appeal, but focused only upon the appellant’s psychiatric history as the cause of his crimes and the poor prognosis which the trial court concluded would probably result in future crimes.
It was this psychiatric focus as an invalid departure reason which is at the heart of the supreme court’s opinion in Jaggers. When faced with the defendant’s supervisory status from a Missouri mental institution, the district court in Jaggers was con *1168 cerned whether its disposition was in conflict with Williams v. State, 504 So.2d 392 (Fla.1987) and thus certified the question. The supreme court found that the prior civil mental commitment in Missouri, whose statutes mandated probationary status after commitment, could not support a departure sentence in the subsequent Florida case. The court clarified its Williams holding that a probationary sentence following a criminal conviction or juvenile disposition could be taken into account to support a departure sentence. This was so, not because the trial court focused on the defendant’s prior record, but because of the defendant’s continuing and persistent criminal activity and the timing of each offense in relation to prior offenses and release from incarceration or supervision. The court held that these aspects of prior criminal history which are not factored into the presumptive sentence may be considered in a departure sentence. Jaggers, 526 So.2d at 684. We further understand Jaggers to hold that consideration of the psychiatric factors which resulted in a commitment for other than a criminal conviction is impermissible. The case before us, while not exactly factually parallel to Jag-gers, still falls within the ambit of the supreme court’s opinion.
Moreover, were we to accept the state’s arguments that a trial court can consider circumstances surrounding a previous conviction which were not taken into consideration at the earlier date (despite the proscriptions of Jaggers), we would be condoning, if nothing else, a violation of the spirit of Hendrix v. State, 475 So.2d 1218 (Fla.1985). We would, furthermore, be sanctioning a departure based on a prior arrest which did not result in a conviction (i.e., the adjudications of not guilty by reason of insanity in 1980). This, of course, we cannot do. Fla.R.Crim.P. 3.701(d)(ll); Dawkins v. State, 487 So.2d 63 (Fla. 2d DCA 1986).
The appellant’s motion for rehearing is granted. We recede from the analysis in our original opinion and reverse and remand for resentencing within the presumptive guidelines range.
CAMPBELL, C.J., and SCHEB, J., concur.