PER CURIAM.
The appellant, Robert D. Oliver, challenges the sentence imposed upon him after a guilty plea. We find that the trial court erred in departing from the sentencing guidelines and, accordingly, reverse.
After the appellant pled guilty to causing serious bodily injury while driving under the influence, the trial court adjudicated him guilty and sentenced him to a departure sentence of five years imprisonment. At the sentencing hearing, the trial court announced its intent to exceed the guidelines range based on the appellant’s lengthy traffic record. The trial court stated, “I considered only the traffic convictions for which you were either convicted and — or adjudication withheld, but at any rate, were not scored on the guidelines scoresheet.” The trial court’s sole written reason for departure was the appellant’s “lengthy record of prior traffic convictions among them three DUI’s.” The court stated that “these convictions were not scored, nor could they be scored on the guidelines scoresheet.” This timely appeal followed.
Under the sentencing guidelines, prior record includes criminal traffic offenses which must be scored as misdemeanors. Fla.R.Crim. P. 3.701(d)(5)(a)(4). The trial court’s explanation that it considered only those offenses for which the appellant was convicted or adjudication withheld indicates that they could have been scored as prior record. See Fla.R. Crim. P. 3.701(d)(2). Using certain prior convictions as grounds for departure; rather than scoring them on the guidelines scoresheet, is an invalid reason for depar *1225 ture. See Borden v. State, 479 So.2d 823 (Fla. 5th DCA 1985). See also, Hendrix v. State, 475 So.2d 1218 (Fla.1985). We, accordingly, reverse the appellant’s sentence and remand for resentencing within the guidelines range indicated by an accurate scoresheet reflecting any traffic offenses which should be properly scored. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Reversed and remanded with instructions.
SCHEB, A.C.J., and RYDER and SCHOONOVER, JJ., concur.