448 So.2d 512 (1984)
STATE of Florida, Appellant,
v.
Douglas Patrick RITTER and Morgan Lee Bond, Appellees.
No. 82-1465.
District Court of Appeal of Florida, Fifth District.
February 16, 1984.
Rehearing Denied April 3, 1984.
*513 Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellant.
James M. Russ and Terrence E. Kehoe of Law Office of James M. Russ, P.A., Orlando, for appellee Morgan Lee Bond.
Lawrence Besser of Samek & Besser, Miami, for appellee Douglas Patrick Ritter.
SHARP, Judge.
Ritter and Bond were charged with attempting to traffic in cocaine (Count I)[1] and conspiracy to traffic in cocaine (Count II).[2] Bond was charged with the unlawful possession of cocaine (Count III).[3] Ritter also was charged with possession of different cocaine (Count IV).[4] The substance alleged to be cocaine in Counts I, II and III was derived from the same source; the alleged cocaine that was the subject of Count IV was from a different lot or sample. The trial court dismissed the first three counts of the information when the state was unable to produce the sample involved in those counts, following defense counsels' timely discovery motions pursuant to Florida Rule of Criminal Procedure 3.220(a)(1)(vi),[5] and the trial court orders to *514 produce. We affirm as to Count III, but reverse as to Counts I and II.
The charges grew out of a reverse buy operation between undercover agents of the Volusia County Sheriff's Department and Ritter and Bond. Drug Enforcement Agency (D.E.A.) officials in Miami supplied the samples of the alleged cocaine to the sheriff's department. Shortly after the information was filed, a sample of the cocaine involved in the first three counts was tested, and the remainder was returned to the Miami authorities. At the time of the hearing, it was stipulated that this cocaine had been used in another drug deal in Arizona, and it had been changed in form and packaging so that it was then unavailable to the state. There is no indication in this record that the state deliberately or willfully spirited off the cocaine to defeat the appellants' discovery rights. But it does indicate the state negligently allowed the cocaine to be returned to D.E.A., thus rendering it unable at a later time to respond to defense counsel's discovery motions.
The actual nature of the substance in a defendant's possession is a key and material element in proving the crime of possession charged in Count III. It would be fundamentally unfair, as well as a violation of rule 3.220, to allow the state to negligently dispose of critical evidence and then offer an expert witness whose testimony cannot be refuted by the defendant. Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1203 (Fla. 1980); see also Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Johnson v. State, 249 So.2d 470 (Fla. 3d DCA 1971), cert. dismissed, 280 So.2d 673 (Fla. 1973). The proper procedural mechanism would have been to grant the defense's motion to suppress the testimony of the state's chemist or expert witness as to the nature of the substance seized. This ultimately would have resulted in the dismissal of Count III, as occurred in this case. Therefore, we affirm the result reached as to Count III.
Unlike possession, the charges of attempt and conspiracy in Counts I and II do not require proof that the substance involved was actually cocaine. United States v. Pietri, 683 F.2d 877 (5th Cir.1982); State v. Cohen, 409 So.2d 64 (Fla. 1st DCA 1982). In addition to the other elements of attempt or conspiracy, the state need only prove that the defendants intended to deal in cocaine or another controlled substance, and it makes no difference whether or not the substance was actually fake.
Because Counts I and II could have been proven without establishing the nature of the substance involved in the transaction, we think the trial court erred in dismissing these counts. An appropriate sanction to deal with the state's violation of rule 3.210, would be to suppress any testimony by the state's expert witness as to the nature of the substance he examined.[6] Further, we do not think the appellants' sixth amendment rights were violated in this case.[7]
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
SCOTT, R.C., Associate Judge, concurring.
DAUKSCH, J., concurring specially with opinion.
DAUKSCH, Judge, concurring specially:
I concur with the result reached by the majority but I do not concur in all the declarations made in the opinion. I do not agree with the statement that "it makes no difference whether ... the substance was actually fake." In my opinion it could *515 make a difference because there is a specific statute dealing with the sale (or attempted sale) of a substance in lieu of a controlled substance. § 817.563, Fla. Stat. (1981). The factual circumstances would dictate which statute to apply. I also do not agree that in all cases "[i]t would be fundamentally unfair, as well as a violation of rule 3.220, to allow the state to negligently dispose of critical evidence and then offer an expert witness whose testimony cannot be refuted by the defendant."
NOTES
[1] §§ 777.04(1), 893.135(1)(b)(3), Fla. Stat. (1981).
[2] §§ 777.04(3), 893.135(1)(b)(3), Fla. Stat. (1981).
[3] § 893.13(1)(e), Fla. Stat. (1981).
[4] § 893.13(1)(e), Fla. Stat. (1981).
[5] Rule 3.220 provides:

(a) Prosecutor's Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
* * * * * *
(vi) Any tangible papers or objects which were obtained from or belonged to the accused.
[6] We do not reach the question of whether or not dismissal would be proper in a case where bad faith or a deliberate scheme to violate the defendants' discovery rights were shown. See Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1203 (Fla. 1980).
[7] United States v. Herndon, 536 F.2d 1027 (5th Cir.1976); G.E.G. v. State, 389 So.2d 325 (Fla. 5th DCA 1980), aff'd, 417 So.2d 975 (Fla. 1982).