PURDY, H. MARK, Associate Judge.
Appellant brings this appeal from a criminal conviction and sentence on arson charges. We reverse and remand for a new trial with instructions.
Factually, this case involves the burning of a truck of which appellant had custody. The Indian River County Sheriff’s Department responded to a call and found a truck burning beside a roadway within their jurisdiction. The appellant advised the investigating deputies that he had been driving the vehicle when he noticed a spark and then a blaze coming from under the dashboard area. Appellant further advised that he had recently done some wiring work on the CB radio in that same area of the dash. The truck was towed to a garage, but within a very short period of time, the authorities began to doubt appellant’s version of how the fire started. Fire investigators were summoned and they conducted a physical examination of the truck.
In the meantime, the owner of the truck contacted the Sheriff’s Department, requesting that the truck be released to him in order that he might salvage it. A lieutenant and a sergeant discussed the matter and authorized the release of the vehicle. The lieutenant, a lead fire investigator who had examined the truck, felt that the truck no longer had evidentiary value to the state. He later testified that another investigator might differ with his opinion that the fire was not accidental. The sergeant justified the release based upon the owner’s request and the fact that the state’s investigation and examination were complete. The sergeant testified that he did not know whether the truck was of evidentiary value to the defendant. Both the lieutenant and the sergeant admitted that the truck could have been held for evidence until the time of trial. In any event, the truck was in fact released to the owner, who proceeded to materially change its condition by having salvage work done on it.
The day after the release, an arrest warrant was issued for the appellant. A motion to dismiss the charges was filed alleging due process violations. After an evi-dentiary hearing, the motion was denied and eventually the case was tried before a jury. Two fire investigators who had examined the truck before its release testified against appellant, who was convicted of second degree arson.
*507 We have examined the body of law which has developed as a result of the state’s failure to preserve and produce discoverable evidence. These eases range from deliberate concealment of evidence known to be exculpatory to relatively minor incidents in which the mere exercise of poor judgment resulted in loss of evidence of no value. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and State v. Sobel, 363 So.2d 324 (Fla.1978). This problem takes on particular significance when the lost evidence requires scientific analysis or expert testimony. In such cases, the courts have often reversed based upon due process and other considerations. For example, in State v. Ritter, 448 So.2d 512 (Fla. 5th DCA 1984), the defendant was charged with possession of cocaine, but the state negligently allowed the cocaine to leave its custody. In reversing, that court held as follows:
“It would be fundamentally unfair, as well as a violation of rule 3.220, to allow the state to negligently dispose of critical evidence and then offer an expert witness whose testimony cannot be refuted by the Defendant.” (448 So.2d 512, 514)
Earlier in Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979), this court had reversed a drug conviction due to the fact that the state’s chemist unnecessarily destroyed the entire drug sample during testing. This court noted some lack of clarity in the law as to whether such circumstances violate a defendant’s right of confrontation, but went on to hold a due process violation exists when the state unnecessarily destroys the most critical inculpatory evidence and then is allowed to introduce essentially irrefutable testimony of the most damaging nature. In accord is this court’s decision in State v. Counce, 392 So.2d 1029 (Fla. 4th DCA 1981) and the decision of the Third District in Johnson v. State, 249 So.2d 470 (Fla. 3rd DCA 1971).
In the case now before us, the State has urged that we should be guided by language contained in U.S. v. Agurs 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and quoted with favor by the Florida Supreme Court in State v. Sobel, supra. The state argues that the “mere possibility” that examination of the truck would have assisted Appellant should not result in reversal. We disagree and in so doing we note that Ritter, Stipp and Counce were all post-Agurs and post-Sobel, yet the results in those cases were unaffected by either the “mere possibility” standard for materiality or the “balancing approach” to prejudice. (See Sobel, 363 So.2d at 326-327.)
We therefore conclude that the appellant’s due process rights have been violated. Reversal, but not dismissal, is mandated under the facts of this case. The judgment and the sentence of the lower court are hereby vacated and this cause remanded for purposes of a new trial. At retrial, the state will be precluded from calling as witnesses the experts who physically examined the truck prior to its release. State v. Ritter, supra, and State v. Sobel, supra.
In light of this ruling, the other points on appeal will not be addressed.
DOWNEY, J„ and DAUKSCH, JAMES C., Jr., Associate Judge, concur.