489 So.2d 199 (1986)
Jay Robinson YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 85-881.
District Court of Appeal of Florida, Second District.
May 30, 1986.
*200 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant appeals from his sentence for convictions of burglary, grand theft, obstructing an officer, fleeing to elude capture and driving without a valid driver's license.
The sentence exceeded the recommended sentence under the sentencing guidelines. Defendant contends that the trial court did not have valid reasons to depart from those recommended sentences. We agree with a part of defendant's argument and reverse.
The trial court gave as his reasons for departure that:
1. The defendant is 23 years old, and was first arrested in 1975 as a juvenile for a matter for which he was convicted. He was committed in January of 1976, then committed again in June, 1976. As an adult, he was then sentenced to 5 years in October, 1977; again for an offense occurring in October, 1980, he was sentenced in 1981 to 3 years, which same act constituted a violation of his parole; again was convicted of a crime that occurred in December, 1983. He then managed to live an upright life until June, 1984. The court will not consider the other matters which are pending. Essentially, he has not remained free without committing a crime for any significant length of time. Examination of the file reveals that the apparent crime free periods were while he was incarcerated.
2. He has previously been sentenced to 5 years, and 3 years without any significant impact on his conduct, and a longer sentence in the recommended guideline sentence is required to get his attention.
3. It would appear that the defendant is incorrigible, and it is unlikely anything will get his attention; the public has a right to be protected from this conduct. A valid sentencing philosphy [sic] is that of containment, that is to prevent the defendant from having further contact with society and to protect them from him.
4. Since earlier punishments were in excess of the guidelines, any theory of punishment in sentence would indicate that the punishment should be greater for a continuing and subsequent infraction.
We conclude that reasons 1, 2 and 4 which are supported by the record, are valid reasons for the departure. As to reason 1, see Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984). As to reasons 2 and 4, see Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984). However, as to reason 3, this was an invalid reason for departure. See McCray v. State, 488 So.2d 912 (Fla. 2d DCA 1986); Middleton v. State, 489 So.2d 201 (Fla. 2d DCA 1986).
When a departure is based on both permissible and impermissible reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985).
We therefore reverse the sentence and remand for resentencing.
DANAHY, A.C.J., and LEHAN and SANDERLIN, JJ., concur.