497 So.2d 734 (1986)
Phillip Lewis BROOMHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1871.
District Court of Appeal of Florida, Second District.
November 14, 1986.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Phillip Broomhead was convicted and sentenced for commission of *735 three offenses. On appeal he raises one point: that the trial judge improperly departed from the recommended guideline sentence. We reverse and remand for resentencing.
The defendant was convicted of trespass, tampering with a witness, and threatening a witness. The trial court departed from the recommended guideline sentence of any nonstate prison sanction. The defendant was sentenced to one year on the trespass count, two years on the tampering with a witness count, and two years on the threatening a witness count. All three sentences were to run concurrently and be followed by three years' probation. The court gave the following reasons for departure: "Similar crimes committed in past, prior violation of probation less than two months after committing same crime  protection of victim, total disregard of prior court directions."
The court's first two reasons, similar crimes committed in the past and violation of a prior probation, are invalid because they are based on the defendant's prior record. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The court's third reason, protection of the victim, is an invalid basis for departure. Williams v. State, 493 So.2d 48 (Fla.2d DCA 1986); Martinez-Diaz v. State, 484 So.2d 633 (Fla.2d DCA 1986). Moreover, this reason is based on speculation that the defendant will again engage in criminal conduct, which is likewise an invalid reason for departure. Lindsey v. State, 453 So.2d 485 (Fla.2d DCA 1984). The court's final reason, total disregard of prior court directions, is an invalid basis for departure because it involves factors relating to the instant offenses for which convictions have not been obtained. Fla.R. Crim.P. 3.701(d)(11); see Santiago v. State, 478 So.2d 47 (Fla. 1985).
We affirm the defendant's convictions. We vacate defendant's sentence and remand for resentencing within the guidelines.
RYDER and SCHOONOVER, JJ., concur.