509 So.2d 354 (1987)
Raymond C. TAPIA, Appellant,
v.
STATE of Florida, Appellee.
No. 86-885.
District Court of Appeal of Florida, Second District.
June 3, 1987.
Rehearing Denied July 14, 1987.
Frank Ragano of Frank Ragano, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
Appellant, Raymond Tapia, appeals from the judgments and sentences imposed upon him after he was found guilty of the offenses of second degree murder and attempted first degree murder. We affirm all of the convictions but remand for resentencing.
Appellant, while on probation for the offenses of second degree grand theft and possession of a counterfeit title, was charged with first degree murder and attempted first degree murder. A jury trial resulted in verdicts finding him guilty of second degree murder and attempted first degree murder. Based upon these verdicts, the trial court revoked appellant's probation and adjudicated him guilty of all four offenses. A guidelines scoresheet prepared for sentencing indicated a sentence range of between seventeen and twenty-two years of imprisonment with a presumptive sentence of twenty years. The trial court departed from the presumptive sentence and imposed four consecutive sentences of imprisonment upon appellant: five years for second degree grand theft, five years for possession of a counterfeit title, fifty years for second degree murder, and thirty years for attempted first degree murder. The court entered a written order setting forth two reasons for imposing the departure sentence. At the conclusion of the sentencing hearing, appellant filed a notice of appeal.
After considering the briefs, record on appeal, and argument of counsel, we find no reversible error in the trial proceedings and, accordingly, affirm appellant's convictions. We do, however, find merit in appellant's contention that the trial court erred in departing from the guidelines in sentencing him.
*355 In its written order, the trial court gave the following reasons for its departure:
1. Said Guideline Sentence does not take into consideration that said Defendant's convictions for Second Degree Murder of Carlos Santana and Attempted First Degree Murder of Jose Sosa resulted from an initially conceived CONTRACT KILLING wherein said Defendant, while on probation for Grand Theft Second Degree and Possession of Counterfeit Title, hired Joe Rodriguez to commit Murder in the First Degree of Jose Sosa.
2. Failure of previous attempts to rehabilitate said Defendant.
The trial court's first reason is invalid because it appears to be based on premeditation. Premeditation is an element of attempted first degree murder. §§ 777.04, 782.04, Fla. Stat. (1985). The trial court's statement that appellant's convictions resulted from his hiring Rodriguez to commit murder in the first degree on Sosa, therefore, cannot justify the departure sentence imposed. See State v. Mischler, 488 So.2d 523 (Fla. 1986). The fact that appellant was on probation, standing alone, would only allow the trial court to enhance appellant's presumptive sentence by one cell. Fla.R.Crim.P. 3.701(d)(14).
The failure of previous attempts to rehabilitate appellant is also an invalid reason to depart from the guidelines in this case. A defendant's dim prospect for rehabilitation is not a valid reason for departure where that ground is based on a defendant's criminal history which has already been factored into the guidelines. Washington v. State, 501 So.2d 133 (Fla. 2d DCA 1987). Although we have held that failure to rehabilitate is a valid reason to depart when coupled with behavior evidencing an escalating pattern of criminality, see Washington; Booker v. State, 482 So.2d 414 (Fla.2d DCA 1985), appellant's behavior in this case does not fit into that pattern.
We, accordingly, remand for resentencing within the guidelines. We affirm in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
SCHEB, A.C.J., and CAMPBELL, J., concur.