515 So.2d 313 (1987)
Gerald Anthony COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1837.
District Court of Appeal of Florida, Second District.
November 4, 1987.
*314 James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
MENENDEZ, MANUEL, Jr., Associate Judge.
Appellant appeals his conviction and sentence for the second degree murder of his sister. He raises four points on appeal: two concerning his conviction and two concerning his sentence. We have carefully considered the record, the parties' briefs and oral arguments and find no merit to the issues raised concerning appellant's conviction. Accordingly, we affirm the conviction.
Appellant's third point on appeal cites as error the trial court's failure to file written reasons for imposing adult sanctions. Appellant also argues that one of the reasons orally announced was improper. The transcript of the hearing imposing adult sanctions convinces us the trial court did not err in imposing adult sanctions, but we find no written order on the matter, as required by section 39.111(6)(d), Florida Statutes (1985). See State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984). Accordingly, we affirm the imposition of adult sanctions and remand for entry of a written order conforming to the trial court's oral pronouncements.
Appellant's last point on appeal is that the trial court's guidelines departure was improper because all of the reasons given were invalid. Appellant's presumptive guidelines range was twelve to seventeen years' incarceration. The trial court sentenced appellant to forty years and entered the following written reasons in support of departure:
1. Defendant suffers from a personality disorder as a result of which he is dangerous and there is a great likelihood of continued violence and further, it is difficult if not impossible to treat or cure this type of mental illness or defect.
2. The vulnerability of the victim, a ten-year old sister who was in the defendant's care as her guardian after her arrival from school.
3. The act on the part of the defendant was a totally senseless act of violence done in the home where the child should have been protected by the defendant.
4. The period of incarceration for the heinous crime committed against his ten-year old sister under the Guidelines is insufficient for retribution, rehabilitation or as a deterrence to others.
5. Based upon the expert testimony presented to the Court, the defendant remains a threat to his community. The defendant has no concern about the safety of others and there is absolutely no remorse for the death of his sister or the effect it has had on other family members.
6. There was a premeditated plan to kill the victim and this only came to light based upon the defendant's testimony at trial. Premeditation is not an element of Murder of the Second Degree.

*315 7. There was an excessive use of force and torture of the victim, a ten-year old sister, by the defendant. The defendant, pursuant to his plan, initially entered the victim's bedroom and began poking her with a sharp knife, telling her he was going to kill her. The victim then fled into a closet followed by the defendant where she was strangled. Several minutes later when she began to show signs of life, a belt was tied around her neck and she was again strangled.
We hold that reason # 1 is invalid because suffering from a personality disorder that is difficult or impossible to treat should not be a reason to subject an individual to "an extended term of imprisonment in the state correctional system." Young v. State, 455 So.2d 551, 552 (Fla. 1st DCA 1984), affirmed, 476 So.2d 161 (Fla. 1985). In addition, speculating on possible future violence or criminal conduct is impermissible. Broomhead v. State, 497 So.2d 734, 735 (Fla. 2d DCA 1986); Young v. State, 489 So.2d 199, 200 (Fla. 2d DCA 1986).
Reason # 2 is valid. Jakubowski v. State, 494 So.2d 277, 279 (Fla. 2d DCA 1986). Reason # 3 is a restatement of reason # 2 and therefore valid.
Reason # 4 is a conclusion by the trial court; and although it is not a reason in and of itself, it does support valid reasons. Scott v. State, 508 So.2d 335 (Fla. 1987). The first sentence of reason # 5 is speculation of future conduct, as was a part of reason # 1 above. Such speculation is invalid. Broomhead, 497 So.2d at 735; Young, 489 So.2d at 200. Lack of remorse is an invalid reason. Johnson v. State, 503 So.2d 955, 956 (Fla.2d DCA 1987).
Reason # 6, premeditation, is invalid based on the following analysis. Appellant here was charged with, convicted of and sentenced for second degree murder. "Premeditation is the essential element that distinguishes first degree murder from second degree murder." Wilson v. State, 493 So.2d 1019, 1021 (Fla. 1986). Using premeditation as a reason for departure in a sentence for second degree murder would amount to the trial court adjudicating a defendant guilty of a greater crime than the crime of which the jury found him guilty and, in this case, guilty of a greater crime than the crime of which he was charged. When a reason for departure states elements of a higher degree crime than the crime charged, the reason is invalid. Vanover v. State, 498 So.2d 899, 901 (Fla. 1986); Sloan v. State, 472 So.2d 488, 490 (Fla. 2d DCA 1985), approved in part, quashed in part, 491 So.2d 276 (Fla. 1986).
Reason # 7 can be broken down into two parts: excessive brutality and terrorizing the victim. Excessive brutality can be a valid reason for departure, but it is not in this case because it is not supported by the record. The reason itself indicates that appellant's first use of force was not sufficient to kill the victim, so he returned to complete the crime. These facts do not support a finding of excessive brutality. The facts at trial are sufficient to support a finding of terrorization of the victim: poking the victim with a sharp knife and backing her into the closet. The record indicates appellant also threatened to kill her. The amount of terrorizing of the ten-year-old victim by her fifteen-year-old brother in this case is comparable to the "[p]sychological trauma arising from extraordinary circumstances which [is] clearly not inherent in the offense charged ..." found valid in Casteel v. State, 498 So.2d 1249, 1253 (Fla. 1986).
Having found both valid and invalid reasons for departure, we must now determine whether we are convinced beyond a reasonable doubt that the trial court would have departed absent the invalid reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985) (this standard was recently reiterated in Griffis v. State, 509 So.2d 1104 (Fla. 1987). It is apparent from the record that the trial court was very concerned about the fact that this type of criminal activity occurred during the time that the victim was in appellant's care. The trial court was also very concerned about the familial relationship between appellant and his victim. Therefore, we are convinced beyond a reasonable doubt that in this case *316 the trial court would have departed absent the invalid reasons. We affirm the sentence imposed.
Affirmed; remanded with instructions.
SCHEB, A.C.J., and SCHOONOVER, J., concur.