526 So.2d 682 (1988)
STATE of Florida, Petitioner,
v.
Daniel F. JAGGERS, Respondent.
No. 70918.
Supreme Court of Florida.
May 5, 1988.
Rehearing Denied July 6, 1988.
*683 Robert A. Butterworth, Atty. Gen., and Gregory G. Costas and Helen P. Nelson, Asst. Attys. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for respondent.
PER CURIAM.
We have for review Jaggers v. State, 509 So.2d 1165 (Fla. 1st DCA 1987), in which the district court rejected the trial court's reasons for departing from the sentencing guidelines, and certified the following as a question of great public importance:
Whether, pursuant to its recent ruling in Williams III v. State, 504 So.2d 392 (Fla. 1987), a commitment to a mental institution for other than a criminal conviction and the subsequent conditional release or supervision status that existed at the time of the crime, are valid reasons for departing from the guidelines?
Id. at 1169. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the negative and approve the district court's decision.
Jaggers was convicted of committing a lewd and lascivious assault upon a child. The mother testified at sentencing that Jaggers had been invited into the victim's house and was watching television with several children. While the mother turned away, Jaggers lifted the victim's nightgown and licked her. The child told Jaggers to "stop that" and returned to watching television. For his actions, Jaggers was sentenced to fifteen years in prison. The trial court gave the following reasons for departing from the guidelines range of community control or twelve to thirty months' incarceration:
1. In December, 1976, Mr. Jaggers was charged with Child Molestation by the Grand Jurors of the State of Missouri. On November 10, 1977, the Circuit Court of St. Louis found Mr. Jaggers to be a "criminal sexual psychopath" and committed him to a Mental Health State Hospital for treatment and detention. Less than three years later, Mr. Jaggers was conditionally released from the Mental Hospital and placed on probationary status for three years. Thereafter, he came to Florida and committed the instant offense on October 31, 1981, while still on probationary status from the State of Missouri. Past attempts to rehabilitate and treat Mr. Jaggers in mental hospitals and/or the community for his sexual deviancy have failed. Since this was not scored on the scoresheet, this Court considers this information relevant in determining the appropriate sentence for Mr. Jaggers.
2. Mr. Jaggers has admitted and his psychologists confirm that he can not control his problem with young girls *684 without some type of external controls. Community based supervision has failed to deter Mr. Jaggers from committing illegal sexual acts and his medical records indicate if he is placed in society, he will revert back to criminal behavior. The public, especially young children, has a right to be protected from a criminal who cannot or will not be rehabilitated.
3. While the scoresheet allows for physical injuries, the Court considers the mental trauma done to the six year old victim to be a valid reason for departure. The court observed the victim's emotional state during her testimony at trial and has heard the testimony of the victim's mother as to how this incident has affected the child's life.
4. A Guideline Sentence of community control or twelve to thirty months incarceration is insufficient to provide the appropriate retribution, deterrence or rehabilitation of Mr. Jaggers.
Jaggers, 509 So.2d at 1166 n. 1.
The trial court based its first reason for departure on the unsuccessful attempts to treat and control Jaggers through civil commitment to a mental hospital and subsequent community supervision, which had not been factored into the guidelines recommended sentence. The district court found that Jaggers' history of unsuccessful civil treatment was an invalid reason for departure, but questioned whether its ruling was in harmony with Williams v. State, 504 So.2d 392 (Fla. 1987), in which we recognized that
[n]either the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
Id. at 393. The district court in the instant case questioned whether the terms "incarceration" and "supervision" encompass Jaggers' civil mental commitment and subsequent community supervision. We conclude that they do not.
The language in Williams clearly refers to incarceration and supervision following criminal conviction or juvenile disposition. Jaggers was charged with a criminal offense but was never convicted. Charges of criminal activity alone have never provided valid grounds for departure. The guidelines state that reasons for departure "shall not include factors relating to prior arrests without conviction." Fla.R.Crim.P. 3.701(d)(11). A finding of guilt has always been required in order to ensure that unsubstantiated charges do not form the basis for extended punishment. See Weems v. State, 469 So.2d 128 (Fla. 1985). To authorize departure based on prior mental treatment without a conviction would punish those who voluntarily seek therapy for a mental illness. We therefore hold that prior civil commitment and supervision for treatment of a mental disorder unrelated to a criminal conviction are invalid grounds for departing from the sentencing guidelines.
The trial court's second reason for departure is essentially a restatement of the first. The trial court reasoned: Jaggers' disorder is uncontrollable without restraint, community supervision has failed as a restraint, extended incarceration is therefore indicated. This reason, which is based upon the failure of Jaggers' prior supervision, is invalid under the rationale stated above. The second district correctly addressed this point in Coleman v. State, 515 So.2d 313 (Fla. 2d DCA 1987), concluding that:
suffering from a personality disorder that is difficult or impossible to treat should not be a reason to subject an individual to "an extended term of imprisonment in the state correctional system." In addition, speculating on possible future violence or criminal conduct is impermissible.
Id. at 315 (citations omitted). Alternative forms of confinement and supervision are available.
The district court correctly rejected the third and fourth reasons for departure. Every lewd and lascivious assault upon a child that proceeds to trial involves a degree of trauma to the victim. Such an *685 inherent component of the offense cannot support departure. We addressed this point in State v. Rousseau, 509 So.2d 281 (Fla. 1987), where we held that:
the type of psychological trauma to a victim that usually and ordinarily results from being a victim of the charged crime is inherent in the crime and may not be used to justify departure.
Id. at 284. To support departure, a reason must be clear and convincing. Fla.R.Crim. P. 3.701(d)(11). Facts supporting reasons must be credible and proven beyond a reasonable doubt. State v. Mischler, 488 So.2d 523 (Fla. 1986). Based upon the record, which consists entirely of the mother's testimony and the trial court's brief statement supporting departure, mental trauma above that which is inherent in the offense has not been proven beyond a reasonable doubt. The fourth reason for departure is nothing more than dissatisfaction with the guidelines sentence. Williams v. State, 492 So.2d 1308 (Fla. 1986); Scurry v. State, 489 So.2d 25 (Fla. 1986).
Accordingly, we approve the decision of the district court, and remand to the trial court for resentencing within the guidelines.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.