ALTENBERND, Judge.
We affirm the defendant’s sentence which departed from guidelines, but remand for a correction of the sentence to reflect credit for jail time served. Mr. Brainard was sentenced to ten years’ im *79 prisonment, to be followed by five years’ probation, for possession of marijuana in excess of one hundred pounds. The sentence was imposed on a 1976 offense following a violation of probation. The violation of probation involved a 1987 federal charge of possessing counterfeit money, as well as a technical violation. Mr. Brainard elected to be sentenced under the guidelines.
Between the 1976 drug charge and the 1987 violation of probation, Mr. Brainard had committed drug-related offenses in Georgia and in DeSoto County, Florida. His criminal activity in DeSoto County, Florida, resulted in a violation of the Georgia probation. This violation was not factored into the sentence recommended by guidelines. The violation of probation concerning the 1976 offense occurred little more than two years after he “successfully” completed parole on the DeSoto County offense.
The trial court departed from the sentence recommended by guidelines for several reasons. At least one of the reasons for departure, Mr. Brainard’s status as a drug dealer, was invalid. Nodal v. State, 524 So.2d 476 (Fla. 2d DCA 1988). The trial court, however, relied primarily on Mr. Brainard’s unamenability to rehabilitation and the Georgia violation of probation which had not affected the guidelines recommendation. These were valid reasons for departure in Mr. Brainard’s case. Hendrix v. State, 475 So.2d 1218 (Fla.1985); DePaul v. State, 505 So.2d 659 (Fla. 2d DCA 1987). The record establishes beyond a reasonable doubt that the absence of any invalid reason would not have affected the trial court’s departure sentence. Albritton v. State, 476 So.2d 158 (Fla.1985). We, therefore, affirm the trial court’s guidelines departure sentence.
The sentence, however, failed to properly specify the amount of credit for jail time which Mr. Brainard had served. We, therefore, reverse and remand this matter for a correction of the sentence to reflect credit for jail time served. The defendant does not have to be present for resentencing.
Affirmed in part, reversed in part, and remanded for correction of sentence.
RYDER, A.C.J., and PARKER, J., concur.