559 So.2d 378 (1990)
Harry C. SELLERS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03462.
District Court of Appeal of Florida, Second District.
April 6, 1990.
*379 Appellant pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, appearing pro se, challenges the judgment and departure sentence imposed upon him following his conviction for burglary of a conveyance. He has raised four issues, we have considered each and find one meritorious.
The trial court sentenced the appellant as a habitual offender pursuant to section 775.084, Florida Statutes (1987). The sentence, ten years in Florida State Prison, was a departure from the recommended guidelines sentence of five and one-half to seven years.
In addition to making the findings essential to a habitual offender sentence, the trial court stated two grounds as justification for the departure sentence. The first is best summarized as a conclusion by the court that the appellant "has been engaged in a life of crime." This determination was based, in part, on the appellant's multi-crime history. Several of the earlier offenses, however, were scored and hence, could not support departure from the guidelines. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The second departure ground was a determination that the appellant is "no longer amendable to rehabilitation." This ground also fails; failure to rehabilitate is invalid when based upon a prior record which has been computed into the guidelines sentence. Tapia v. State, 509 So.2d 354 (Fla. 2d DCA 1987).
Finally, at the time the appellant committed the offense, November 1987, sentencing pursuant to the habitual offender statute was available only in the circumstance where the guidelines sentence exceeded the maximum statutory penalty, Winters v. State, 522 So.2d 816 (Fla. 1988), Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987), disapproved on other ground, Parker v. State, 546 So.2d 727 (Fla. 1989), but it could not be used to exceed the recommended guidelines range.[*]Whitehead v. State, 498 So.2d 863 (Fla. 1986).
The appellant's sentence is reversed and we remand for resentencing within the guidelines range. In all other aspects this matter is affirmed.
CAMPBELL, C.J., and SCHOONOVER, J., concur.
NOTES
[*] Section 775.084 was amended effective October 1, 1988 to provide that the habitual offender statute exists independently from the guidelines and is available to trial courts for sentencing pursuant to its requirements. § 775.084, Fla. Stat. (1989).