SMITH, Judge.
Appellant challenges the denial of his motion to suppress a hand gun seized without a warrant prior to his arrest. We affirm.
A patrolman with the Jacksonville Police Department responded to a call placed by a woman who claimed appellant, her ex-husband, was harassing her, tried to run her over with his van, and made other threats despite the existence of an injunction issued for her protection from appellant. The officer found appellant in a bar adjoining the ex-wife’s residence. After speaking with the ex-wife and verifying the existence and validity of the injunction, the officer spoke to the bar manager who reported that appellant was causing a disturbance, and therefore, the manager wanted appellant removed from the premises. The officer approached appellant while he was in the bar and frisked him. No gun was found on the appellant, but the officer learned from a records check that the appellant had a record of felony arrests. The officer decided to escort appellant from the premises rather than arrest him for violation of the injunction, but as the appellant opened the door of his van, the officer observed the butt of a gun protruding from a pouch sitting on the dashboard. The officer grabbed the gun and called in the weapon’s serial numbers, asking also for a check of appellant’s record to determine if he was a convicted felon. The officer was informed that the gun was not reported stolen but that appellant was a convicted felon. At that point, appellant was arrest *33 ed for possession of a firearm by a convicted felon and was advised of his Miranda rights.
Prior to trial, appellant moved to suppress the gun. That motion was denied, whereupon appellant pled nolo contendere, reserving the right to appeal the denial of his motion to suppress.
Appellant argues on appeal that seizure was unlawful because the appellant’s possession of the firearm and his prior arrest record did not constitute founded suspicion so as to justify the detention and search of the appellant. We disagree.
There is no question that the officer was acting within his authority when he escorted the appellant from the premises pursuant to the injunction and the bar manager’s request. The fact that the officer was aware of appellant’s prior felony arrest record when the gun was seen in plain view created a founded suspicion so as to justify detention for the purpose of checking appellant’s criminal record to determine whether any arrests led to a conviction. Section 901.151, F.S. (1987), Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Furthermore, there was at the time the gun was seized probable cause to arrest the appellant for violation of the injunction. Section 901.15(6) provides that an officer may make an arrest when he has probable cause to believe an “act of domestic violence” has been committed in violation of a domestic violence injunction authorized by section 741.-30, Florida Statutes. Domestic violence is defined in section 741.30(1) to include any assault. The officer’s deposition testimony reveals his awareness of facts which, if true, establish that the appellant did assault his ex-wife as that term is defined in section 784.011.
Accordingly, the denial of the motion to suppress is AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.