569 So.2d 911 (1990)
STATE of Florida, Appellant,
v.
Ronald Joseph LARRINAGA, Appellee.
No. 89-2607.
District Court of Appeal of Florida, Fifth District.
November 15, 1990.
*912 Robert A. Butterworth, Atty. Gen., Tallahassee, Barbara C. Davis and Anthony J. Golden, Asst. Attys. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Michele A. Lucas, Asst. Public Defender, Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order in which the trial court dismissed eight counts of a forty-three count information charging appellee with aggravated child abuse, child abuse, aggravated assault, lewd and lascivious assault upon a child and sexual battery.
Appellee moved to dismiss the charges against him because the state destroyed evidence. At the hearing on the motion, Detective Donald Bauman testified that he spoke with two children in a 30-40 minute videotaped interview in April of 1987 regarding child abuse allegations against appellee. When both children denied that appellee had abused them, the investigation was closed. The police erased the videotaped statements one year later. The investigation was reopened when the children alleged that appellee had abused them. The state argued at the hearing that appellee was not prejudiced by the destruction of the videotape because the children were presently prepared to testify that they had previously denied all allegations of sexual abuse.
The trial court found that the children's videotaped statements were material with regard to Counts I through VIII of the information and that the statements were exculpatory to appellee and would have been relied upon him in preparation of his defense. The court also found that the police had destroyed the videotape in good faith. The court reserved ruling on appellee's motion to dismiss with regard to Counts IX through XLIII but granted the motion as to the first eight counts. We reverse.
In Kelley v. State, 569 So.2d 754 (Fla. 1990), the supreme court recently affirmed an order denying the defendant's motion for post conviction relief. Raising an issue which he had raised in an earlier appeal, the defendant argued that the state's destruction of material evidence before his trial deprived him of due process rights. Emphasizing that the issue had been decided adversely to him in Kelley v. State, 486 So.2d 578 (Fla.), cert. den., 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986), the supreme court reiterated that the state had not been negligent in destroying the evidence and that the defendant's case had not been prejudiced thereby. The destroyed evidence in that case consisted of materials taken from a murder scene: a bullet, a bloody bed sheet, a shred of the victim's shirt and two handwritten statements by a key witness. The defendant's conviction was based primarily on the key witness's testimony and on that of a private detective. In its latter decision in the Kelley post conviction relief proceedings, *913 the supreme court relied on Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). In that case the United States Supreme Court held that the state's failure to preserve potentially useful evidence is not a due process violation unless a defendant can show that the police acted in bad faith. In that case the facts showed the police failed to conduct tests on semen samples taken from the body and clothing of a boy who had been sexually molested. Trial experts testified as to what might have been proven had the samples been properly preserved. The Arizona Court of Appeals reversed the defendant's conviction because the evidence might have exonerated the defendant. Characterizing the police's conduct as negligent but finding that they did not act in bad faith, the United States Supreme Court reversed.
Although the destroyed videotape in the present case may be helpful to appellee's case, the facts are insufficient to support a finding that appellee has been or will be denied due process of law if he is tried without having the benefit of the tapes for his defense. The trial court specifically found that the police did not act in bad faith when they destroyed the videotape and this finding is factually supported. Moreover, while Officer Bauman is unable to recall the specific details of his interview with the children, appellee will benefit by Bauman's account of the interview. The state asserted at the hearing that the children are likewise prepared to verify their earlier statements to the police that appellee did not abuse them. Given these facts, it is difficult to conclude that appellee has been or will be unduly prejudiced by appellant's destruction of the videotape.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.