576 So.2d 316 (1990)
Michael LOUISSAINT, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 89-1803.
District Court of Appeal of Florida, Fifth District.
December 20, 1990.
On Motion for Rehearing March 21, 1991.
*317 Ronald N. Toward, Bartow, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee/cross-appellant.
HARRIS, Judge.
Michael Louissaint appeals a judgment finding him guilty of attempted trafficking in cocaine and determining him to be a habitual offender and a sentence in excess of the guideline range.
Louissaint claims that since the evidence (cocaine) was negligently destroyed before his trial, his conviction cannot stand. We disagree. Here, the trial court followed the procedure set out in State v. Ritter, 448 So.2d 512 (Fla. 5th DCA 1984) and suppressed the testimony of the chemist concerning the nature and weight of the cocaine. As stated in Ritter, the charge of "attempt" does not require proof that the substance involved was actually cocaine. See also United States v. Pietri, 683 F.2d 877 (5th Cir.1982); State v. Cohen, 409 So.2d 64 (Fla. 1st DCA 1982). The conviction is affirmed.
Since the offense was committed prior to October 1, 1988, the sentence is subject to the sentencing guidelines as determined by Whitehead v. State, 498 So.2d 863 (Fla. 1986). The only ground listed to justify the departure is that "the defendant is not amenable to previous attempts at rehabilitation." The judge relied on the fact that while on probation for burglary and grand theft, Louissaint committed a second degree felony (possession of a firearm by a convicted felon). Louissaint was sentenced to only thirty-four days in jail for that offense and was restored to probation in order to encourage rehabilitation. This extraordinary effort toward rehabilitation was at the request of the probation officer and state attorney. Shortly thereafter, Louissaint committed the present offense while still on probation.
Non-amenability to rehabilitation is not a valid reason for departure when the determination is based on a prior record which has been computed into the guideline sentence. Sellers v. State, 559 So.2d 378 (Fla. 2d DCA 1990); Tapia v. State, 509 So.2d 354 (Fla. 2d DCA 1987). Here, while the court did not determine non-amenability merely because the defendant committed three felonies in a short period of time (all scored), but rather emphasized that the proof of non-amenability was that the present offense was committed "despite these efforts to rehabilitate the Defendant," still the sentencing offense (scored) necessarily was involved in his consideration. Tillman v. State, 525 So.2d 862 (Fla. 1988) requires reversal.
The state, although untimely,[1] filed a cross-appeal challenging the court's exclusion *318 of the chemist's testimony. The state urges that a "bad faith" standard, rather than a "negligent" standard should be used when evidence is lost or destroyed before trial. This issue was decided in State v. Ritter, supra.:
It would be fundamentally unfair, as well as a violation of Rule 3.220, to allow the state to negligently dispose of critical evidence and then offer an expert witness whose testimony cannot be refuted by the defendant. Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1203 (Fla. 1980); see also Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Johnson v. State, 249 So.2d 470 (Fla. 3rd DCA 1971), cert. dismissed, 280 So.2d 673 (Fla. 1973).
The state's other issue on cross-appeal is likewise without merit.
Conviction AFFIRMED; sentence REVERSED and REMANDED for resentencing.
DAUKSCH and COBB, JJ., concur.

ON MOTION FOR REHEARING
COBB, Judge.
The state, as cross-appellant, has moved for rehearing on the issue of the trial court's exclusion of expert testimony, a sanction for the state's negligent destruction of evidence (cocaine) which the expert had evaluated. The state suggests that the prior opinions of this court in State v. Larrinaga, 569 So.2d 911 (Fla. 5th DCA 1990) and State v. Ritter, 448 So.2d 512 (Fla. 5th DCA 1984) are in conflict. We grant rehearing to clarify that any such conflict has now been resolved by the intervening advent of Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), rehearing denied, 488 U.S. 1051, 109 S.Ct. 885, 102 L.Ed.2d 1007 (1989); see also Kelley v. State, 569 So.2d 754 (Fla. 1990).
In Youngblood it was held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." In the instant case, cocaine seized by the police was inadvertently destroyed after the granting of a motion to suppress by the codefendant. We disagree with the trial court's finding that this constituted an infringement of the "fundamental fairness" requirement of the due process clause, but we affirm the exercise of the trial court's discretion in excluding the testimony of the state's expert witness, who had examined that particular cocaine, based upon the sanction provision of Florida Rule of Criminal Procedure 3.220(n). Whether or not the trial court utilizes the sanction of excluding testimony as a result of the inadvertent loss or destruction of evidence by the state is a matter of the trial court's discretion based on the facts of the individual case.
Accordingly, we vacate that portion of our original opinion dealing with the state's cross-appeal regarding the trial court's exclusion of the chemist's testimony, and substitute therefor the foregoing opinion, expressly relying upon the holding in Youngblood.
MOTION FOR REHEARING GRANTED; PRIOR OPINION MODIFIED.
DAUKSCH, J., concurs.
HARRIS, J., concurs specially with opinion.
HARRIS, Judge, concurring specially.
I concur with that portion of the majority opinion which upholds the trial court's refusal to admit the expert's testimony, but I disagree with its reason.
The State argues that State v. Larrinaga, 569 So.2d 911 (Fla. 5th DCA 1990) and Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) hold that *319 it is not a due process violation to negligently destroy evidence. That is an oversimplification of these decisions. In both cases the evidence involved was evidence that the State did not intend to offer. In Larrinaga it was the taped interviews of the victims. The court found no prejudice because the victims were prepared to verify their original exculpatory statements. In Youngblood the police failed to preserve evidence of a sexual attack by properly refrigerating it. In neither Larrinaga nor Youngblood did the State attempt to use the lost material in its case in chief.
The Youngblood court discussed extensively its prior decision in California v. Trombetta, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). In Trombetta, the court held that it was proper to permit into evidence the results of a breathalyzer even though the police failed to preserve additional breath samples for the defendant to have independently analyzed. The concern was the defendant's right for a meaningful opportunity to present a complete defense. The court discussed the constitutionally guaranteed access to evidence as it related to exculpatory evidence.
The Trombetta court felt it significant that it was the intoxilyzer results obtained from the breath samples, not the breath itself, that was to be offered in evidence. In other words, the evidence proposed in Trombetta was not offered to substitute for lost or destroyed evidence. In the case at bar the large quantity of cocaine that is now unavailable was the subject of the information. The State wishes to prove its existence as well as its quantity and quality by testimony of a state expert when the defendant is denied the opportunity to develop a complete defense. In its analysis, the Youngblood court specifically stated:
[T]he State did not attempt to make any use of the materials in its own case in chief.
488 U.S. at 56, 109 S.Ct. at 336.
Here the State, in its case in chief, attempted to prove by test results that the substance seized from Louissant and destroyed before trial was, in fact, cocaine and weighed a particular amount in order to prove its charge of trafficking in cocaine.[1] I agree with the trial court's analysis. Since I believe that both Larrinaga and Youngblood deal with only exculpatory evidence, they do not conflict with our previous Ritter holding. This opinion does.
NOTES
[1] It appears that Florida Rules of Appellate Procedure 9.140(c)(2) is distinguished by its uniform lack of enforcement. There may be practical reasons  as argued by the attorney general's office in its response to our rule to show cause as to why the cross-appeal should not be dismissed  because of the split of responsibility between the state attorney's office and the attorney general's office in processing appeals to justify a greater period than the rule permits. It would appear to be better practice, rather than merely ignoring the rule, to change the rule. Since the defense raised no objection to the late filing and since we have made no effort to enforce the rule in the past, we decline to enforce it in this case. We suggest, however, that the attorney general consult with the various state attorneys to see if the rule cannot be complied with in the future or modified if appropriate.
[1] Even if such evidence were admissable in the State's case in chief, it is difficult to imagine how the State could establish the proper chain of evidence to prove that the expert had examined the same cocaine allegedly seized from this defendant.