## STATE OF FLORIDA v MURPHY

# Case No. 90-49AC (Lower Court Case No. 88-2511MM10)

Seventeenth Judicial Circuit, Broward County

May 6, 1991

### APPEARANCES OF COUNSEL

**Lewis Michael, Esquire,** Assistant State Attorney, for appellant.

**Diane M. Cuddihy, Esquire,** Assistant Public Defender, for appellee.

Before ROBERT W. TYSON, Circuit Judge.

### OPINION OF THE COURT

Gary Murphy, Appellee was arrested on or about October 6th, 1988 for Driving While Under the Influence and Carrying a Concealed Weapon.

Approximately two hours and fifteen minutes after the Appellee was

stopped by the authorities, he was transported to the "Batmobile" and a videotape was made of the Appellee. On that tape, Mr. Murphy is seen refusing a breath test, performing a variety of sobriety tests, explaining his odd walking movements owing to a previous injury, responding to about 20 interrogatories and requesting his attorney.

The tape was then stored in a video room located in room 150 of the main courthouse. Testimony established that the environment of that room was generally cramped, crowded and inadequately secured.

The tape was made available to Defense Counsel who viewed the film and made three pages of detailed notes concerning its content. Defense Counsel also had the opportunity to make a copy of the tape but chose not to do so. Subsequently, the tape was lost.

On March 14th, 1988, the Defense moved to dismiss the DUI charge due to the loss of this evidence. The Trial Court Judge granted the dismissal of the DUI charge holding that although the loss of the tape was merely "inadvertent," it was nonetheless a "crucial piece of evidence." This holding was based on *Brady v Maryland,* 373 U.S. 83; 83 S.Ct. 1194; 10 L.Ed. 215 (1963).

This Court finds that the lower Court's reliance on the *Brady, supra,* case was misplaced and instead, *Arizona v Youngblood,* 488 U.S. 51; 109 S.Ct. 333; 102 L.Ed.2d 281 (1988) is dispositive of this issue. This case did not involve the willful withholding of evidence as in *Brady, supra,* but rather the inadvertent loss of evidence that "tended to be exculpatory." Although *Brady, supra,* failed to distinguish between the good or bad faith of the prosecution, the Highest Court limited this harsh ruling 25 years later in *Youngblood, supra:*

> The Due Process Clause of the Fourteenth Amendment as interpreted in *Brady* makes the good or bad faith of the State irrelevant when the State *fails to disclose* to the Defendant material exculpatory evidence. But we think the Due Process Clause requires a different result when we deal with the *failure of the State to preserve evidentiary material* of which no more could be said than it could have . . . exonerated the Defendant. *Youngblood, supra,* p. 337 (Emphasis added)

This Court finds that a careful reading of both cases juxtaposed, indicates that the Supreme Court in *Brady, supra,* was concerned about prosecutorial action which amounted to orchestrating the outcome of the trial. In *Youngblood, supra;* however, the Court was less concerned with an evidentiary blunder caused by an inadvertent failure to preserve evidence.

50

*The State of Florida v Ronald Joseph Larrinaga,* 569 So.2d 911 (5th D.C.A. 1990) follows this trend. In that case a clearly exculpatory videotape was inadvertently erased. The loss of this tape, which showed the victims of a sexual battery denying that any such assault occurred, was held by the 5th D.C.A. not to be a Due Process violation.

. . . the facts are insufficient to support a finding that appellee has been or will be denied due process of law if he is tried without having the benefit of the tapes for his defense.

The trial court specifically found that the police did not act in bad faith when they destroyed the videotape and this finding is factually supported. *Larrinaga, supra,* p. 2799.

Defense Counsel was given complete access to the tape. He took three pages of detailed notes and had the opportunity to copy the tape but chose not to do so. See *State v Powers,* 555 So.2d 888 (2d D.C.A. 1990); *California v Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The loss was not deliberate but inadvertent or negligent.

This Court herein finds as a matter of law under the totality of the circumstances of this case, that the law does not allow the use of the ultimate sanction to wit; dismissal of DUI charges, for such a discovery violation. *Powers, supra; Trombetta, supra; State v King,* 372 So.2d 1126 (2d D.C.A. 1979); *State v Lane,* 528 So.2d 533 (2d D.C.A. 1988); *State v Perez,* 383 So.2d 923 (2d D.C.A. 1980); *State v Ray,* 525 So.2d 1033 (2d D.C.A. 1988).

WHEREUPON it is this Court's decision that the lower Court should be and is REVERSED.

DONE AND ORDERED this 6th day of May, 1991.