PER CURIAM.
This case began when appellee Milo asked a convenience store clerk to call the police because his “wife” was mentally ill and was trying to run in front of cars. An officer arrived, and during his efforts to control the situation, a three-way altercation erupted between Milo, the officer, and the alleged wife.
Milo was arrested for battery of a police officer; the wife for resisting arrest. A disinterested witness gave the police a signed, written statement about the incident. When Milo was being processed, he said he wanted to press charges for the officer striking the wife. The officer then *723 returned to the scene and asked the witness to sign a different statement. The witness testified the officer said the first statement was overly harsh on him. The officer asked him to delete the statement that he had twisted the woman’s arm and dragged her from the car and to add the statement that the officer had only pulled on her coat. The officer also told the witness that the first statement had been too thorough and detailed about the woman’s past mental health. After obtaining this second statement, the officer destroyed the first statement.
Willful, intentional destruction of evidence requires sanctions. Bad faith destruction of evidence requires dismissal of the charges. Louissaint v. State, 576 So.2d 316 (Fla. 5th DCA 1990). Here, the first statement was destroyed, and another different statement was created. Such conduct by the state warrants the ultimate sanction.
AFFIRMED.
HARRIS and GRIFFIN, JJ„ and POUND, F., Associate Judge, concur.