PER CURIAM.
Dax Stromberger challenges his departure sentence for purchase of cocaine. We reverse because none of the trial court’s written reasons permit a departure sentence.
In 1989 Stromberger pleaded guilty to purchase of cocaine. The trial court withheld adjudication and placed Stromberger on probation for a period of two years. Following the filing of an amended affidavit for violation of probation alleging that Stromberger was arrested in Tallahassee, Florida, for throwing pipe bombs[1], Strom-berger pleaded guilty to violation of probation. The trial court adjudicated Stromber-ger guilty of the original offense, sentenced Stromberger to a departure sentence of fifteen years in prison, and filed its written reasons for the departure. The permitted guidelines sentence, with the one-cell bump-up permitted by Florida Rule of Criminal Procedure 3.701(d)(14), provided for a maximum prison sentence of three and one-half years.
The trial court listed eight reasons for departing from the sentencing guidelines. The second, fourth, and eighth reasons are invalid because factors relating to the violation of probation are not valid grounds for imposing a departure sentence for the original offense. See Ree v. State, 565 So.2d 1329 (Fla.1990); Lambert v. State, 545 So.2d 838 (Fla.1989). The third reason, diagnosis as a sociopath with poor prognosis for future behavior patterns, has been held invalid. See Coleman v. State, 515 So.2d 313 (Fla. 2d DCA 1987), review denied, 523 So.2d 576 (Fla.1988) (suffering from difficult-to-treat personality disorder and speculating on possible future violence are invalid reasons for departure). All other reasons listed are not supported by the record.
Reversed and remanded for sentencing within the sentencing guidelines.
CAMPBELL, A.C.J., and PARKER and ALTENBERND, JJ., concur.

. The affidavit contained various allegations of violation of probation. The trial court’s order revoking Stromberger’s probation included the following violations: failure to submit monthly reports for June and July of 1990; failure to pay $30.00 per month; leaving the approved residence; failure to complete an in-patient drug treatment program; and throwing pipe bombs in Tallahassee, Florida.