CAMPBELL, Judge.
Appellant, Ronald Wayne Smith, appeals his convictions and sentences imposed for two offenses of lewd and lascivious acts and one offense of sexual battery. While we find no reversible error in appellant’s convictions, we do find that the trial judge erred in imposing an upward departure sentence.
In his written reasons for departure, the trial judge found that appellant was not amenable to rehabilitation and that he displayed a continuing and escalating pattern of criminal behavior. Lack of amenability to rehabilitation has been recognized in earlier cases as a possible basis for departure. Livingston v. State, 565 So.2d 1288 (Fla.1990); Brainard v. State, 550 So.2d 78 (Fla. 2d DCA 1989). We conclude that the reasons underlying such departures in earlier cases are now either included in the defendant’s scoresheet as prior record or are governed by the new rules concerning departures in cases of multiple violations of probation. Williams v. State, 594 So.2d 273 (Fla.1992). Thus, lack of amenability to rehabilitation standing alone is no longer a valid reason for departure. Jones v. State, 583 So.2d 387 (Fla. 1st DCA 1991); Sellers v. State, 559 So.2d 378 (Fla. 2d DCA 1990).
A continuing or persistent pattern of criminal activity when coupled with an escalating or violent progression of offenses can be a valid reason to depart. Barfield v. State, 594 So.2d 259 (Fla.1992). Appellant’s record, however, does not support the trial judge’s finding that appellant’s continuing pattern of criminal activity also included an escalating pattern of criminal conduct as evidenced by the increase in the possible sentences from the *90 earlier offenses to the later offenses. See Gordon v. State, 594 So.2d 262 (Fla.1992).
We, therefore, affirm appellant’s convictions. However, because we find neither of the reasons given to support departure to be valid, we reverse appellant’s sentences and remand for the imposition of sentences within the recommended guidelines.
DANAHY, A.C.J., and ALTENBERND, J., concur.