DANAHY, Acting Chief Judge.
Ricardo Ribas appeals his convictions and sentence for two counts of attempted capital sexual battery. In attacking his convictions he claims that the trial court erred in denying his motion to suppress post-arrest inculpatory statements because there was no probable cause for the arrest and in denying him a jury instruction on lewd and lascivious assault upon a child in violation of section 800.04, Florida Statutes (1987). We find no error on these issues. State v. Hightower, 509 So.2d 1078 (Fla.1987); Johnson v. State, 567 So.2d 32 (Fla. 1st DCA 1990). In his attack on his sentence, he argues that the reasons cited by the trial court do not support the upward departure sentence. We agree with the appellant that the trial court erred in departing from the guidelines.
All the departure reasons given by the trial court are invalid. See Wemett v. State, 567 So.2d 882 (Fla.1990); Wilson v. State, 567 So.2d 425 (Fla.1990); State v. Jaggers, 526 So.2d 682 (Fla.1988); Lerma v. State, 497 So.2d 736 (Fla.1986), receded from on other grounds, State v. Rousseau, 509 So.2d 281 (Fla.1987); State v. Mischler, 488 So.2d 523 (Fla.1986); Scurry v. State, 489 So.2d 25 (Fla.1986); Smith v. State, 608 So.2d 89 (Fla. 2d DCA 1992); Sellers v. State, 559 So.2d 378 (Fla. 2d DCA 1990); Coleman v. State, 515 So.2d 313 (Fla. 2d DCA 1987), review denied, 523 So.2d 576 (Fla.1988); Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984); Jones v. State, 583 So.2d 387 (Fla. 1st DCA 1991).
Accordingly, we affirm the appellant’s convictions but reverse his upward departure sentence and remand for resentencing within the recommended guidelines range. Brady v. State, 587 So.2d 617 (Fla. 2d DCA 1991).
CAMPBELL and THREADGILL, JJ., concur.