PATTERSON, Judge.
Johnny Sanders appeals from his departure sentence for possession of heroin with intent to sell, possession of cocaine with intent to sell, and possession of cannabis. He correctly argues that the trial court’s reasons for departure, which focus on Sanders’ prior record, are invalid. In its written reasons, the trial court stated that the “defendant is not likely to be rehabilitated.” Previous failure to rehabilitate is not a proper reason for departure when based upon a prior record that has been computed into the guidelines score. See Sellers v. State, 559 So.2d 378 (Fla. 2d DCA 1990); Tapia v. State, 509 So.2d 354 (Fla. 2d DCA 1987).
Next, the trial court found that the “defendant was out of prison only a little more than 9 mos. before he committed new crimes.” Temporal proximity of crimes is valid as a reason only if the pattern of criminal activity is both escalating and persistent. See Barfield v. State, 594 So.2d 259 (Fla.1992).
Finally, the trial court stated that the “defendant has been committing crimes for almost 20 years.” “[A] persistent but nonescalating pattern of criminal activity is not a sufficient reason for departure from the guidelines.” Barfield, 594 So.2d at 261. Here, Sanders’ prior record consists of convictions for aggravated assault, burglary, sexual battery, aggravated battery, and robbery. The present drug charges do not show an escalating pattern of criminality. Therefore, we reverse and remand for resentenc-ing within the guidelines.
The State relies on Williams v. State, 504 So.2d 392 (Fla.1987), to support its argument that a defendant’s persistent criminal history can support departure. However, the supreme court has receded from Williams in subsequent case law. See State v. Darrisaw, 660 So.2d 269 (Fla.1995); Barfield, 594 So.2d at 259; Smith v. State, 579 So.2d 75 (Fla.1991).
Reversed and remanded for resentencing.
PARKER, C.J., and FULMER, J., concur.